[No. 18356.    Department One.—December 31, 1895.]

W. A. SEHORN, RESPONDENT, v. JOHN WILLIAMS, AUDITOR OF THE COUNTY OF GLENN, APPELLANT.

CONSTRUCTION OF COUNTY GOVERNMENT ACT—CLAIMS AGAINST COUNTY— PROVINCE OF SUPERVISORS — DUTY OF AUDITOR — CERTIFICATE OF COUNTY CLERK.—The provision of section 41 of the County Government Act requiring a claim presented to the board of supervisors to be itemized, "giving names, dates, and particular services rendered," before it can be allowed, is directed to the board of supervisors alone, and there is no provision in the act giving the auditor a revisory control over their action; but the auditor is in duty bound to draw his warrant in favor of every person whose claim has been legally examined, allowed, and ordered to be paid by the board of supervisors; and the provisions of sections 45 and 114 of the act do not justify him in withholding a warrant merely because the clerk has not certified the items of the claim, or the liability for which it was allowed; but it is his duty in such case to ascertain by inquiry the nature of the liability in order to distinctly specify it in the warrant, and that the claim has been allowed and ordered paid by the board of supervisors, and, upon receiving such information from the county clerk, it is his duty to draw the warrant.

APPEAL from a judgment of the Superior Court of Glenn County and from an order denying a new trial. SETH MILLINGTON, Judge.

The facts are stated in the opinion of the court.

*Charles L. Donohoe*, for Appellant.

*Benjamin F. Geis*, for Respondent.

The auditor cannot assume to set up his judgment in opposition to that of the board of supervisors, in respect to issuance of a warrant on an account against

the county. (*Babcock* v. *Goodrich*, 47 Cal. 489.) The action of the board was conclusive, and the auditor is estopped from questioning its correctness. (*El Dorado County* v. *Elstner*, 18 Cal. 149; *Bank of California* v. *Shaber*, 55 Cal. 327; *People* v. *Fitzgerald*, 54 How. Pr. 1.)

HARRISON, J.—The plaintiff presented to the board of supervisors of the county of Glenn a claim for sixty dollars, properly itemized and verified, for services rendered by him under a contract with the county for carrying meals to the county jail, and the same was allowed by the board at its session May 10, 1893, and ordered paid out of the common fund, and the auditor was directed to draw his warrant for said sum in favor of the plaintiff. Upon a demand by the plaintiff for said warrant, the defendant, who was the auditor of the county, refused to draw the same, and thereupon the plaintiff instituted this proceeding for a mandate compelling him to draw the warrant.

Section 113 of the County Government Act (Stats. 1891, p. 322) provides: " The auditor must draw warrants on the county treasurer in favor of all persons entitled thereto, in payment of all claims and demands chargeable against the county, which have been legally examined, allowed, and ordered paid by the board of supervisors; provided, however, that the auditor must not draw a warrant on the county treasurer in favor of any person until said auditor shall have received from the clerk of the board of supervisors the certified list mentioned in subdivision 4, section 20, of this act." The " certified list" herein referred to, and which the clerk is required to deliver to the auditor, is a list " of all claims allowed and orders made for the payment of money, giving the name of the claimant or payee named in the claim or order, the amount and date of each claim or order, and the date of the allowance thereof."

In the present case the clerk delivered to the auditor a list, in which was given the name of the plaintiff and the amount allowed, in the following form:

| 'Name of Claimant. | What For. | Amount of Claim. | Amt. Allowed. |
|---|---|---|---|
| Sehorn, W. A. | | | $60. |

Under the heading " What for" there had been written "jailer," and under the heading "Amount of claim" there had been written " $60." But, before the list was delivered to the auditor, these items had been erased by drawing lines through the words.

It is contended on behalf of the auditor that he was not required to draw his warrant, for the reason that the list delivered to him by the clerk does not specify the liability for which the claim was allowed by the board of supervisors. The statute does not, however, require the clerk, in the list which he delivers to the auditor, to specify the liability for which the claim was allowed. The auditor is required by section 113 to draw his warrant in favor of every person whose claim " has been legally examined, allowed, and ordered paid by the board of supervisors." If he has received from the clerk a properly certified list of the claims allowed, he must upon demand draw his warrant in favor of the claimant whose name is found therein. The provision in section 41 of the act requiring the claim to be itemized, " giving names, dates, and particular services rendered," before it can be allowed, is directed to the board of supervisors alone, and there is no provision in the County Government Act giving to the auditor a revisory control over their action. (*McFarland* v. *McCowen,* 98 Cal. 329.)

The provisions of section 45 and section 114 do not justify the auditor in withholding the warrant merely because the clerk shall not have certified the items of the claim or the liability for which it was allowed. These sections are as follows:

" SEC. 45. · Warrants drawn by order of the supervisors on the county treasury for the current expenses during each year must specify the liability for which they are drawn, and when they accrued, and must be paid in the order of presentation to the treasurer."

" SEC. 114. All warrants must distinctly specify the liability for which they are drawn, and when it accrued."

The statute does not prescribe the mode in which the auditor shall ascertain the facts which will enable him to comply with the provisions of these sections relating to the form of the warrant, and, in the absence of any provision therefor, it is his duty to take such steps or obtain such information as will enable him to properly comply with the sections. In the present case he testified that, after he had received the certified list, and before the plaintiff demanded his warrant, being in doubt, by reason of the erasures in the list, he ascertained, by inquiry from the county clerk, that the plaintiff's claim, as it appears on that list, had been allowed and ordered paid by the board of supervisors. Upon receiving this information, his duty to draw the warrant was clear.

The judgment and order are affirmed.

GAROUTTE, J., and VAN FLEET, J., concurred.