[Civ. No. 20443.   First Dist., Div. Three.   Feb. 8, 1963.]

THE BOARD OF SUPERVISORS OF LAKE COUNTY et al., Plaintiffs and Appellants, v. CARLTON R. PHILLIPS, as County Clerk-Auditor, etc., Defendant and Respondent.

·Frederic S. Crump, District Attorney, for Plaintiffs and Appellants.

Phil N. Crawford for Defendant and Respondent.

DRAPER, P. J.—■ By this mandamus proceeding, petitioner board seeks to compel the county auditor to issue a warrant for $16.45 in favor of a service station operator who, pursuant to purchase orders issued by the county welfare director, furnished gasoline for transportation of three indigents for medical treatment. Judgment was for respondent auditor, and petitioners appeal.

Under the findings, there is no question that the three items are a proper charge against the county. Presentation of the claim was timely, and it was approved by the board of supervisors September 15, 1959. The issue is as to form of the claim.

The trial court found the form defective for failure to state the information required by subdivisions (a), (c), (d), and (g) of Government Code, section 29700. This general finding, however, is negated by a specific finding that the claim was presented in the form incorporated in the petition. Attached to that claim, and therefore a part of it, are sales slips which give all this information except place of travel and mileage. The welfare director's purchase orders specified the place to which each indigent was to be trans-

ferred for treatment. It is a simple matter to compute the round trip distance. Thus the claim, attached sales slips, and purchase orders gave all the information required by section 29700.

The trial court did find that the welfare director "did not offer to supply" respondent copies of the purchase orders. If it be assumed that this failure is chargeable to claimant, and that the claim thus was insufficient in form for failure to restate information already in the county files, respondent is not aided. ▆▆ Section 29700, like its predecessor statute (Stats. 1891, ch. 216, p. 295, § 41), is directed to the board of supervisors alone. Such a statute does not give the auditor a "revisory control" over action of the board. (*Sehorn* v. *Williams*, 110 Cal. 621, 623 [43 P. 8]. ▆▆ When a claim is clearly chargeable against the county, and within the jurisdiction of the board to allow or reject, its decision is final, and the auditor has no discretion to disregard it. (*Walton* v. *McPhetridge*, 120 Cal. 440, 444 [52 P. 731]; and see 27 Ops.Atty.Gen. 335.)

▆▆ Nor is respondent aided by the finding that the claim was "examined and allowed" by the board, but not ordered paid. There would be little purpose in allowing a claim without intent that it be paid. Moreover, respondent knew on December 7 at the latest that the board had ordered payment. On that day, as clerk of the board, respondent entered in the minutes the board's resolution directing the district attorney to commence the present proceeding. The resolution recited that on September 15 the claim had been "examined, allowed and ordered paid." Such notice was adequate. (*Sehorn* v. *Williams, supra,* 110 Cal. 621, 624.)

We do not accede to respondent's request for a "definitive and detailed determination," with "full comment as to future conduct of the parties." In addition to being advisory only, such a discourse would be completely out of date. A wholly new claims procedure has been adopted (Stats. 1959, ch. 1725, p. 4138), repealing section 29700. The repeal was effective three months before this action was filed. In the case actually before us, the record establishes that the amount of the claim is fairly due and should be paid.

Judgment reversed, with directions that peremptory writ issue as prayed.

Salsman, J., and Devine, J., concurred.

A petition for a rehearing was denied March 4, 1963.