[Sac. No. 174. In Bank.—March 26, 1898.]

## B. F. WALTON, Appellant, v. A. S. McPHETRIDGE, Auditor, etc., Respondent.

COUNTIES—HIGH SCHOOL LOT — VOID ALLOWANCE BY SUPERVISORS.—Money contributed by citizens of a locality toward the purchase of a lot therein for the erection of a high school, the establishment of which had been voted for by the county, which did not go into the county treasury, nor become part of the county funds, but was contributed through the person who was then the county treasurer, and paid out toward purchase of the lot, is not chargeable against the county, and cannot be recovered therefrom, by reason of the failure of the board of supervisors to erect a high school building upon the lot, and the consequent reverter of the title to the grantor of the lot, for condition broken; and the allowance by the board of supervisors of a claim for the refunding by the county of an amount so contributed is illegal and void.

ID.—AUDITOR—MANDAMUS.—It. is the privilege and duty of the auditor to refuse to draw his warrant upon the treasurer for claims which, although sanctioned and ordered paid by the supervisors, are void upon their face for want of jurisdiction in the board of supervisors, or which show an excess of jurisdiction, or other plain and palpable violation of law; and *mandamus* will not lie to compel the auditor to draw his warrant for an illegal claim against the county, although it has been allowed by the board of supervisors.

APPEAL from a judgment of the Superior Court of Sutter County. E. A. Davis, Judge.

The facts are stated in the opinion of the court.

M. E. Sanborn, for Appellant.

Lawrence Schillig, and K. S. Mahon, for Respondent.

McFARLAND, J.—This is an appeal from a judgment in favor of the defendant rendered in the court below upon a pro- ceeding in *mandamus* to compel the defendant, as auditor of Sutter county, to draw his warrant upon the county treasurer in favor of plaintiff for the sum of five hundred dollars, upon a claim which had been presented to and allowed by the board of supervisors. At the trial the plaintiff introduced the written claim for said five hundred dollars to the board of supervisors, with indorsements thereon which showed that it had been al-

lowed and ordered paid by the board, and then rested. Thereupon the defendant moved for a nonsuit, which the court granted; and judgment was thereupon rendered for the defendant.

The appellant contends that the presentation of this claim to and its allowance by the board of supervisors made a *prima facie* case; and that the claim having been regularly approved and allowed by the board of supervisors, it was a duty imposed by law upon the auditor to draw his warrant for the amount of the claim, and that he had no lawful authority to question the validity of the claim thus allowed. This contention is based upon the case of *McFarland v. McCowan,* 98 Cal. 329, and one or two other cases of similar import. But that case merely involved the question of the value of certain services rendered by the respondent therein, there being no contention that the amount due him for whatever services he did render was not a legal charge against the county; and the court merely held that the board of supervisors were the final arbiters of the questions of fact, arising upon the evidence, as to the amount and value of said services. The court there say: "The claim of respondent for fees in payment for services as constable was one which the board of supervisors had jurisdiction to hear and determine"; and in answer to the contention of appellant the court said: "This simply amounts to the charge that the board decided the case wrong." But in the same case the court also said: "It is the privilege and duty of the auditor to refuse to draw his warrant upon the treasurer for claims which, although sanctioned and ordered paid by the board of supervisors, are void upon their face for want of jurisdiction in the board of supervisors, or showing an excess of jurisdiction, or other plain and palpable violation of law."

In the case at bar, the complaint clearly enough shows the nature of appellant's demand against the county; and that its allowance was an excess of jurisdiction of the board, and such a violation of law as justified the auditor in examining into its validity. It appears from the complaint that there had been submitted to the electors of the county, at an election held for that purpose, the question of establishing a high school in the county; and that the majority of the votes cast were in favor of the

proposition. It further appears that citizens of various localities in the county appeared before the board of supervisors and urged upon the board the advantages of locating the high school in their respective localities; and that valuable gifts were offered by citizens of different localities upon condition that the board would locate the school in the vicinity where the citizens resided. It appears that among others the citizens of Yuba City and vicinity offered valuable contributions toward the expense of securing a valuable site for the high school, provided it should be located on the Cooper tract at said city; and that appellant agreed that he would pay to the treasurer, for the use and benefit of the county, the sum of five hundred dollars, to be applied toward the purchase of the site and erection of a building thereon, provided the board would locate it on said Cooper tract, and cause to be established and maintained there a high school; and that the board promised so to do. It is further alleged that, relying upon said promise, the plaintiff paid the sum of five hundred dollars to the county treasurer, who "forthwith applied the same, under the direction of said board of supervisors, toward the purchase price of said five-acre lot upon the said Cooper tract"; and that the board received from Frederick Cooper, the owner of said lot, a sufficient deed therefor for high school purposes. The deed from Cooper recited that the land was granted for the purpose of locating and maintaining a high school, and contained the following clause: "Whenever the premises shall cease for the term of two consecutive years to be used for such purpose, then the same shall revert to the said party of the first part, his heirs and assigns forever, in fee simple." It is further averred that the board for more than two years neglected to locate or build a schoolhouse on said land, and wholly abandoned the same, and that "said lot has now, by reason of the aforesaid neglect of duty and violation of promises on the part of said board, reverted to and become the property of said Frederick Cooper, the former owner thereof." It is then averred in the complaint that "wherefore"—that is, as inferences from the alleged facts—the plaintiff paid to the treasurer of the county, at the request of the board, the said sum of five hundred dollars, and that there was a promise by the board that in the event of its failure to maintain and locate the schoolhouse as aforesaid, "it would imme-

diately thereafter repay to plaintiff the said sum of five hundred dollars."

It is apparent from the facts stated that appellant merely contributed five hundred dollars toward the procurement of a conveyance as a donation to the county of the Cooper lot, for the purpose of erecting and maintaining thereon a high school—the conveyance to contain the provision that the lot should revert to the grantor in the event of the board failing for two years to carry out said purpose. The five hundred dollars never went into the county treasury, and never became part of the county funds. The money was given to the person who happened to be at the time county treasurer, to be immediately paid by him to Cooper; and, according to the complaint, it was immediately so paid. The board accepted the deed of conveyance upon a condition expressed in the instrument which is construed by the complaint to mean that if the building of the schoolhouse should not be commenced within two years the county's title to the land should be forfeited, and it should revert to the grantor. What other legal liability of the county in the premises did the board create? If appellant and others who contributed to the purchase of the lot had taken a conveyance thereof to themselves, and donated the same to the county by a deed with a condition similar to that contained in the deed from Cooper—then, upon the failure of the board to carry out its purpose as alleged, they would have been protected by a reversion of the land to themselves. Apparently the transaction, as it occurred, resulted quite advantageously to Cooper, for it seems that he first received the purchase price of his land, and then got back the land itself; and whether or not the appellant has any cause of action arising out of the facts stated against Cooper is a question not now before us. But the facts show no legal liability of the county—in addition to a forfeiture of the land donated—to pay, out of its own funds, five hundred dollars, or any other sum of money, to appellant, or to any other person. Appellant's claim was, therefore, not "chargeable against the county"; and only for claims so chargeable is the auditor required to draw his warrants, whether or not the claims have been allowed by the board of supervisors. (Stats. 1891, sec. 113, p. 322.) "If illegal claims are allowed by the board it will be the duty of the auditor to

refuse to draw warrants therefor" (*Linden v. Case*, 46 Cal. 175); and "the auditor ought not to draw his warrant for an illegal demand, even though allowed by the board, and if he does so knowingly and willfully he is personally responsible, and may be made to refund the money thus illegally paid." (*Merriam v. Board of Supervisors*, 72 Cal. 519.) The case at bar is not one merely involving the findings of fact by a board with respect to a claim clearly chargeable against the county and within the jurisdiction of the board to allow or reject. In such a case, the conclusion of the board is final, and the auditor has no discretion to disregard it. Here the question is not one of fact, but whether or not the claim is in its nature one which the board had jurisdiction to allow. The mere introduction of the written claim which appellant presented to the board, with the indorsement of allowance, does not make a prima facie case. It does not show upon its face that it is a claim chargeable against the county; and, when viewed in the light of the complaint, the contrary appears.

The judgment appealed from is affirmed.

Harrison, J., Garoutte, J., Van Fleet, J., Temple, J., and Henshaw, J., concurred.