# IN THE MATTER OF THE DISBARMENT OF JOHN BLOOR.

[Submitted April 1, 1898.   Decided April 11, 1898.]

Section 402 of the Code of Civil Procedure, provides that an attorney may be removed when he has been convicted of a felony or misdemeanor involving moral terpitude, and that in such a case the record of conviction shall be conclusive evidence; Section 417, *Id.*, provides that, when an attorney has been convicted of such a crime, the Clerk of the Court shall, within thirty days thereafter, transmit to the Supreme Court, a certified copy of the record of conviction; Section 418 provides that, in such cases, the proceedings to remove must be taken by the Supreme Court upon receipt of the certified copy of the record; in the case under review the attorney had been found guilty of the crime of secreting a public record which is a felony. *Held*, that it was not necessary to file any complaint, or to issue or serve any citation in the proceeding.

PROCEEDING for the disbarment of John Bloor.   Judgment of disbarment.

*C. B. Nolan*, for the State.

*T. J. Walsh*, for Respondent.

PER CURIAM.—The respondent, John Bloor, was convicted of a felony.   The conviction was sustained by the court on Bloor's appeal.   (See *State* v. *Bloor*, 20 Mont. 574, 52 Pac. 611.   After the remittitur from this court was forwarded to the District Court of the First Judicial District in and for Lewis and Clarke county, in which respondent was convicted, the clerk of said District Court, pursuant to the provisons of Section 417 of the Code of Civil Procedure, transmitted to this court a certified copy of the record of conviction.   The respondent's counsel now before this court objects to our jurisdiction because no complaint or accusation has ever been filed as a basis for a proceeding to disbar said Bloor, and because the citation issued herein to said Bloor is not styled "The State of Montana," as required by the constitution.

We believe no complaint or accusation in writing is necessary where an attorney and counselor has been convicted of a felony, or a misdemeanor involving moral terpitude, and where the record of conviction has been duly certified to this

court.   We also think that it is not necessary to issue or serve any citation upon an attorney or counselor, of proceedings to disbar him, where he has been convicted of a felony, or a misdemeanor involving moral turpitude, and where the record of his conviction has been duly certified to this court, before this court acts, where such record is the basis of the disbarment proceedings.   It is the bounden duty of such attorney, so convicted, to know that the legal consequence of his conviction is his disbarment.   There is no discretion in the Supreme Court, for it must proceed, under Section 418 of the Code of Civil Procedure, on receipt of a certified copy of the record of conviction, and by Section 402, Id., the record of conviction is conclusive evidence.

In some cases, upon the record certified to this court, perhaps the question may arise whether or not the offense of which the attorney has been convicted involves moral turpitude or not, but in the present instance it so clearly does that it admits of no argument to the contrary.

Let judgment be entered pursuant to Section 428 of the Code of Civil Procedure.