[Civ. No. 2557.  Second Appellate District, Division One.—January 23, 1919.]

## W. H. COOK, Appellant, v. CHARLES O. REID, as Auditor, etc., Respondent.

SCHOOLS—WARRANT AGAINST SCHOOL FUNDS—DUTY OF AUDITOR.—The duty of the auditor to draw a warrant against the school funds of a district is limited under section 1543 of the Political Code to cases where "he allows said demand."

ID.—WARRANTS IN FAVOR OF TEACHERS—CONSTRUCTION—SECTION 1543, POLITICAL CODE.—Section 1543 of the Political Code, which, as amended, transfers the duty of drawing warrants from the superintendent of schools to the county auditor, must be read together with section 1700 of the same code which provides that "no warrant

must be drawn in favor of any teacher, unless the officer whose duty it is to draw such warrant is satisfied that the teacher has faithfully performed all the duties prescribed in section sixteen hundred and ninety-six."

Id.—Auditor's Duty Discretionary.—The duty of the auditor with respect to demands of teachers is discretionary and not merely ministerial.

Mandamus—Enforcement of Discretionary Power—Abuse of Discretion.—Where the officer's duty in such respect is discretionary, *mandamus* will not lie to compel him to draw the warrant unless an abuse of discretion has been shown.

Id.—Burden of Showing Abuse of Discretion.—In a proceeding by *mandamus* to enforce a particular action by a public officer, where the official duty is discretionary, the burden of showing abuse of discretion is upon the petitioner.

Id.—Pleading — Demurrer Properly Sustained Without Leave to Amend.—In this proceeding to compel a county auditor to allow and indorse and to draw a warrant for a claim which had been allowed by the county superintendent of schools, where the petitioner's complaint did not show what service or other consideration was the foundation of his claim, and did not allege any fact from which an abuse of discretion could be inferred, the trial court did not err in sustaining a demurrer to the petition without leave to amend.

APPEAL from a judgment of the Superior Court of Riverside County. W. H. Thomas, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

H. H. Winder and Ford & Nelson for Appellant.

Sarau & Thompson for Respondent.

CONREY, P. J.—The court below, having first sustained defendant's demurrer to the petition herein without leave to amend, entered judgment denying the plaintiff's petition for a writ of mandate. Plaintiff appeals from the judgment.

The facts set forth in the several counts of the petition are all alike, except that each cause of action is based upon a different demand. For the sake of brevity, we will discuss the case upon the first count alone as if it were all of the complaint.

In substance, the allegations are as follows: The plaintiff is, and at all times named in the complaint he was,

the owner and holder of a certain order and requisition of the Rannell's School District, county of Riverside, dated May 11, 1916, payable to W. H. Cook or order, for the sum of $75 from the school fund of said district, and signed by two trustees of said district on that date. On June 30, 1916, the plaintiff presented said order to the superintendent of schools of the county of Riverside, who thereupon duly examined and approved the same in writing by indorsing upon said order: "Examined and approved, numbered as above, Jun. 30, 1916," and affixed his signature thereto as county superintendent of schools and thereupon drew said requisition on said auditor as such. On the sixth day of September, 1916, the plaintiff presented said requisition to the defendant as auditor of said county at his office; thereupon the defendant refused to allow and indorse the same and refused to draw his warrant in favor of the plaintiff for the amount stated in the order and requisition, although sufficient funds are available therefor.

The right claimed by plaintiff depends upon certain provisions of the Political Code. Section 1543 (as amended, Stats. 1915, p. 746): "It is the duty of the superintendent of schools of each county: . . . Third. (a) On the order of the board of school trustees . . . to draw his requisition upon the county auditor for all necessary expenses against the school fund of any district. . . . Each requisition must specify the purpose for which it is drawn, but no requisition shall be drawn upon the order of the board of school trustees . . . against the funds of any district except the teachers' or janitors' salaries, unless such order is accompanied by an itemized bill showing the separate items, and the price of each, in payment for which the order is drawn; nor shall any requisition for teachers' or janitors' salaries be drawn unless the order shall state the monthly salary of teacher or janitor, and name the months for which such salary is due. Upon the receipt of such requisition the auditor shall draw his warrant upon the county treasurer in favor of the parties for the amount stated in such requisition. The order of the board of school trustees . . . when signed by at least two members of the board of trustees, . . . shall be transmitted to the superintendent, who shall, in case he approve said demand, indorse upon it, 'Examined and approved,' together with the number and date when approved,

and shall, in attestation thereof, affix his signature thereto, and deliver the same to the claimant, or his order, who shall transmit the same to the auditor, who shall, in case he allows said demand, indorse upon it, 'allowed,' together with the number and date when allowed, and shall, in attestation thereof, affix his signature thereto, and deliver the same to the claimant and make a proper record thereof and charge against the particular fund of the particular district against which such demand was allowed; and said demand when so approved and signed by the superintendent, and when so allowed and signed by the auditor, shall constitute the requisition on the auditor, and the warrant on the treasury within the meaning of this act." Section 1700: "No warrant must be drawn in favor of any teacher, unless the officer whose duty it is to draw such warrant is satisfied that the teacher has faithfully performed all the duties prescribed in section sixteen hundred and ninety-six." Section 1543, when originally enacted in 1872, made it the duty of the superintendent of schools to draw the warrants. By amendment of section 1543, in the year 1880 (Amendments to the Codes, 1880, p. 31), it was provided that the auditor should draw the warrants. By amendment of 1905 (Stats. 1905, p. 528), the duty of the auditor with respect to such demands was, for the first time, qualified by the clause, "in case he allows said demand." That clause has been retained in the subsequent amendments of the section. Section 1700 has not been amended since the year 1874.

In the argument, counsel have referred to section 4091 of the Political Code, which reads as follows: "The auditor must issue warrants as provided in section four thousand and seventy-six, on the treasurer, in favor of all persons entitled thereto, in payment of all claims and demands chargeable against the county, which have been legally examined, allowed, and ordered paid by the board of supervisors. The auditor must also issue warrants on the treasurer for all debts and demands against the county, when the amounts are fixed by law, or are authorized by law to be allowed by some person or tribunal other than the board of supervisors." Under a statute substantially the same as section 4091, it has been determined that where a claim for services which, if performed, are a legal charge against the county, has been duly presented to the board of supervisors, regularly considered, allowed,

and ordered paid, the auditor may not lawfully refuse to draw his warrant therefor upon the treasurer upon the ground that such services were never rendered. The duty of the auditor in such case is merely ministerial. But even there it was held that it is the privilege and duty of the auditor to refuse to draw his warrant upon the treasurer for claims which, although sanctioned and ordered paid by the board of supervisors, are void upon their face for want of jurisdiction in the board of supervisors, or showing an excess of jurisdiction or other plain and palpable violation of law. (*McFarland* v. *McCowen*, 98 Cal. 329, [33 Pac. 113]; *Walton* v. *McPhetridge*, 120 Cal. 440, [52 Pac. 731].)

The provisions of section 1543 and section 1700 are in strong contrast with those of section 4091. The duty of the auditor to draw a warrant against the school funds of a district is limited to cases where "he allows said demand." When the legislature amended section 1543 so that the duty of drawing the warrant was transferred from the superintendent of schools to the county auditor, and made the auditor one of the officers whose scrutiny the demand must pass, such amendment must be deemed to have been made with knowledge of the provisions contained in section 1700, and the two sections must be read together. The fact that the matter of allowance of the demand was referred to the auditor must be regarded as an intended safeguard to the treasury in addition to the allowance thereof by the superintendent of schools. The term "allow," as applied to a demand, implies the right to examine the claim and in a proper case to disallow the same. In other words, the duty of the auditor with respect to this kind of a claim is discretionary and not merely ministerial. With respect to such a duty *mandamus* will not lie to compel the officer to draw the warrant unless an abuse of discretion has been shown. *Williams* v. *Bagnelle*, 138 Cal. 699, [72 Pac. 408], does not lend support to the plaintiff's argument. Section 1543, as then in force, directed the superintendent of schools to draw his requisition, on order of the board of school trustees, and did not qualify that duty by the phrase "in case he approve said demand," or by any equivalent terms. The record in the action fully displayed the facts which, in the opinion of the court, did not justify the superintendent in his refusal to draw the requisition. *Inglin* v. *Hoppin*, 156 Cal. 483, [105 Pac. 582], also cited by appellant, rests upon the

proposition that *mandamus* will lie to correct an abuse of discretion of a public officer, and will lie to enforce a particular action by him, when the law clearly establishes the petitioner's right to such action. But that case does not hold that the defendant officer must affirmatively allege and prove that his refusal to act was justifiable. In such cases, where the official duty involved is discretionary, the burden is upon the petitioner. In the present action, petitioner's complaint does not show what service or other consideration is the foundation of his claim, and does not allege any fact from which an abuse of discretion can be inferred.

The judgment is affirmed.

James, J., and Myers, J., *pro tem.,* concurred.