[Crim. No. 1497. In Bank.—May 8, 1922.]

In the Matter of the Disbarment of GEORGE D. COLLINS.

[1] Attorney at Law—Exercise of 'Privilege—Good Moral Character—Power of Legislature.—While it may be admitted that the right or privilege of exercising the vocation of attorney and counselor at law is a valuable right or privilege, it must also be conceded that it is a right or privilege which the legislature had the power to bestow, or to empower the judicial department of the state government to bestow, upon such terms as would be consistent with the nature and purpose of the right or privilege to be exercised, and this being so, the legislature had the undoubted right to prescribe the possession of a good moral character in the applicant for the grant of the right or privilege of entering and of exercising the legal profession, and also, of necessity, to prescribe the continued possession of such good moral character in the individual receiving such grant.

[2] Id.—Commission of Crime Involving Moral Turpitude—Disbarment—Power of Legislature.—The possession of a good moral character as a prerequisite to the receipt of and continued exercising of the right or privilege of engaging in the practice of the law is a matter of such paramount public interest as to entirely justify the legislature in prescribing that the commission of crime involving moral turpitude by one seeking to obtain this right or privilege or thereafter exercising it should constitute sufficient ground for its original denial or for its subsequent revocation.

[3] Id.—Disbarment Without Notice—Constitutional Law.—An attorney at law after conviction of a crime involving moral' turpitude is not entitled to any further notice or process prior to the entry of an order of disbarment based upon the record of such conviction, which record is, by the express terms of subdivision 1 of section 287 of the Code of Civil Procedure, made conclusive evidence of the fact of the commission of such crime and of his conviction thereof, and an order thus made is not the deprivation of a property right without due process of law.

1. Power of legislature to prescribe the qualifications of attorneys to practice law, notes, 10 Ann. Cas. 198; 10 L. R. A. (N. S.) 289.

2. Power of courts to disbar attorneys and causes therefor, notes, 95 Am. Dec. 333; 42 Am. Rep. 557; 45 Am. St. Rep. 71; 8 Ann. Cas. 847.

APPLICATION for revocation of an order of disbarment from practice of the law. Denied.

The facts are stated in the opinion of the court.

George D. Collins, *in pro. per.,* for Petitioner.

Wm. Denman and C. J. Goodell for Bar Association.

THE COURT.—The petitioner herein applies for an order vacating and setting aside a former order of this court made on July 19, 1909, striking from the roll of attorneys and counselors the name of said petitioner. It appears from the face of the moving papers and also of the records of this court that the action of the court in making said order was taken upon the receipt by it of a certified copy of the record of the conviction of the petitioner of a felony involving moral turpitude; and it also affirmatively appears that said action was taken by the court and said order made by it *ex parte* and without the service upon the petitioner of any order to show cause, citation, or other process or notice. The present contention of the petitioner which forms the ground of his said motion is that the said order thus made was and ever since has been and still is void; that this court did not acquire or have jurisdiction to make said order and that by the making of the same without notice or other process served upon him he has been deprived of his liberty and property without due process of law and has been denied the equal protection of the laws in violation of the federal constitution.

The provisions of the Code of Civil Procedure pursuant to which the order thus assailed was made are sections 287, 288, 289, and 299 thereof, which, when the order was made, read, in part, as follows:

"Sec. 287. An attorney and counselor may be removed or suspended by the supreme court . . . for either of the following causes, arising after his admission to practice:

"1. His conviction of a felony or misdemeanor involving moral turpitude, in which case the record of conviction shall be conclusive evidence."

"Sec. 288. In case of the conviction of an attorney or counselor of a felony or misdemeanor involving moral tur-

pitude the clerk of the court in which such conviction is had shall, within thirty days thereafter, transmit to the supreme court a certified copy of the record of conviction.''

''Sec. 289. The proceedings to remove or suspend an attorney or counselor under the first subdivision of section 287 must be taken by the court on the receipt of a certified copy of the record of conviction.''

''Sec. 299. Upon conviction of cases arising under the first subdivision of section two hundred and eighty-seven, the judgment of the court must be that the name of the party shall be stricken from the roll of attorneys or counselors of the court, and that he be precluded from practicing as such attorney or counselor in all the courts of this state.''

It will be seen from a reading of these sections of the code that no express provision is made for procedure or for notice or other process to be served upon the person whose record of conviction of a felony involving moral turpitude has been filed in this court, prior to or as a prerequisite to the making of such an order as in this case was made. It has been held by this court in the case of *Barnes* v. *District Court, etc.,* 178 Cal. 500 [173 Pac. 1100], that the provisions of sections 290 and 291 of the Code of Civil Procedure requiring a specified procedure in certain proceedings for disbarment refer only to those provisions of section 289 of said code which apply exclusively to proceedings to disbar or suspend under the second, third, and fourth subdivisions of section 287 of the said code, but have no application to subdivision 1 thereof. It would seem to be the clear intendment of that portion of the said provisions of the code which render the record of conviction conclusive evidence of the fact that no such notice should be required. Said order having been made in strict accordance with the said provisions of the code above quoted and of this interpretation of their meaning, it follows that the assault which the petitioner makes by this motion upon the order of the court is in effect an attack upon the foregoing provisions of the Code of Civil Procedure as thus interpreted and applied upon the ground that they are unconstitutional for the reasons above stated by him. It is contended by the petitioner that the vocation of an attorney and counselor at law and the right or privilege of the exer-

cising the same, like the right to practice any profession is property which is protected by the federal constitution from deprivation without due process of law, citing in support of said contention *Hewitt* v. *Board of Medical Examiners,* 148 Cal. 592 [113 Am. St. Rep. 315, 7 Ann. Cas. 750, 3 L. R. A. (N. S.) 896, 84 Pac. 39]; *Suckow* v. *Alderson,* 182 Cal. 247 [187 Pac. 965]; *Shackleford* v. *McElhinney,* 241 Mo. 592 [145 S. W. 1139]; *In re Boone,* 83 Fed. 944; *Ex parte Steinman,* 95 Pa. St. 237 [40 Am. Rep. 637]. **[1]** It may be admitted that the right or privilege of exercising the vocation of attorney and counselor at law is a valuable right or privilege, but it must also be conceded that it is a right or privilege which the legislature had the power to bestow, or to empower the judicial department of the state government to bestow, upon such terms as would be consistent with the nature and purpose of the right or privilege to be exercised; and that this being so the legislature had the undoubted right to prescribe the possession of a good moral character in the applicant for the grant of the right or privilege of entering and of exercising the legal profession, and also, of necessity, to prescribe the continued possession of such good moral character in the individual receiving such grant. **[2]** It requires no argument to prove that the possession of this prerequisite to the receipt of and continued exercising of the right or privilege of engaging in the practice of the law is a matter of such paramount public interest as to entirely justify the legislature in prescribing that the commission of crime involving moral turpitude by one either seeking to obtain this right or privilege or thereafter exercising it should constitute sufficient ground for its original denial or for its subsequent revocation. In the case of *Hawker* v. *New York,* 170 U. S. 189 [42 L. Ed. 1002, 18 Sup. Ct. Rep. 573, see, also, Rose's U. S. Notes], the supreme court of the United States, in passing upon the validity of a statute of the state of New York providing that "any person who . . . after conviction of a felony shall attempt to practice medicine, or shall so practice, shall be guilty of a misdemeanor," went exhaustively into the subject of the powers of the legislature in this regard. In sustaining the validity of such a statute the court said:

"We must look at the substance, and not the form, and the statute should be regarded as though it in terms declared that one who had violated the criminal laws of the state should be deemed of such bad character as to be unfit to practice medicine, and that the record of a trial and conviction should be conclusive evidence of such violation. All that is embraced in these propositions is condensed into the single clause of the statute, and it means that and nothing more. The state is not seeking to further punish a criminal, but only to protect its citizens from physicians of bad character. The vital matter is not the conviction, but the violation of law. The former is merely the prescribed evidence of the latter."

It is true that in the above case the main assault upon the New York statute was made upon the ground that it was an *ex post facto* law, but notwithstanding this fact the broad language and clear reasoning of this high court has application to the general subject of the disbarment from practice of those committing crimes involving moral turpitude. In the course of the foregoing decision the supreme court of the United States quotes approvingly from its earlier decision in the case of *Ex parte Wall,* 107 U. S. 265 [27 L. Ed. 552, 2 Sup. Ct. Rep. 569, see, also, Rose's U. S. Notes], in which the power of the court to deal with attorneys violating criminal laws was under consideration. The court in this earlier case saying:

"It is laid down in all books in which the subject is treated, that a court has power to exercise a summary jurisdiction over its attorneys to compel them to act honestly towards their clients, and to punish them by fine and imprisonment for misconduct and contempts, and, in gross cases of misconduct, to strike their names from the roll. If regularly convicted of a felony, an attorney will be struck off the roll, as of course, whatever the felony may be, because he is rendered infamous. If convicted of a misdemeanor which imports fraud or dishonesty, the same course will be taken. He will also be struck off the roll for gross malpractice or dishonesty in his profession. . . . Where an attorney was convicted of theft, and the crime was condoned by burning in the hand, he was nevertheless struck from the roll. 'The question is,' said Lord Mansfield, 'whether, after the conduct of this man, it is proper that

188 Cal.—45

he should continue a member of a profession which should stand free from all suspicion. . . . It is not by way of punishment; but the courts in such cases exercise their discretion, whether a man whom they have formerly admitted is a proper person to be continued on the roll or not.' ''

It will thus appear that the supreme court of the United States has in these cases definitely held that the legislature has power to provide that the conviction of a person of a crime, who had prior thereto been given the right or privilege of engaging in the practice of either of said learned professions, should, *ipso facto*, work a revocation of his right or privilege to lawfully continue so to do. If the legislature thus possesses this plenitude of power in respect to those members of such professions who have been convicted of crimes involving moral turpitude it may not be contended that the legislature has not also the power to provide that the record of such conviction shall constitute conclusive evidence of the fact of such conviction for the purpose of having stricken from the rolls of such profession the name of the person who has been thus convicted of such a crime. "The vital matter," as was aptly said in *Hawker* v. *New York, supra,* "is not the conviction but the violation of law. The former is merely the prescribed evidence of the latter." In this view of the matter the essential fact working a deprivation of the petitioner's right and privilege of continuing in the practice of his profession was not his conviction of a crime, nor was it the order of this court made automatically upon the receipt of the record of such conviction, but it was his violation of the law in the commission of said crime; and as to that he had his day in court when he was put to trial for and convicted of the commission of such crime. This is the view taken by the New York courts in construing a statute similar to our own and from which the provisions of our own code were originally taken. As is stated by the supreme court of New York in the case of *In re Lindheim,* 195 App. Div. 827 [187 N. Y. Supp. 211]: "The provisions of our judiciary law above cited are mandatory in case of a conviction of a felony and upon such conviction the result prescribed follows automatically and upon presentation of the facts to the court the prescribed order must be made." A similar view is expressed by this court in the case of

*In re Riccardi,* 182 Cal. 675 [189 Pac. 694], wherein the court says:

"It has always been understood that conviction of an attorney of a felony or misdemeanor involving moral turpitude, made disbarment incumbent, without any discretion in this court to give other judgment. And this, we think, must be so, in view of section 299 of the Code of Civil Procedure, which prescribes exactly the judgment to be given in such a case, viz., 'that the name of the party shall be stricken from the roll of attorneys and counselors of the court, and that he be precluded from practicing as such attorney or counselor in all the courts of this state,' while in other cases the judgment 'may be according to the gravity of the offense charged; deprivation of the right to practice . . . permanently, or for a limited period.' We do not see how the legislature could have more clearly expressed its determination that the only penalty in such a case is permanent disbarment. And certainly it would not be a wise rule that would invest the court with discretionary power in a matter where the sole evidence upon which it acts is a certified copy of a record of conviction."

In the case of *In re Shepard,* 35 Cal. App. 492 [170 Pac. 442], the precise question involved in this proceeding arose and in passing upon the same the district court of appeal said:

"It is insisted that this court had no jurisdiction to remove Shepard's name from the roll of attorneys without notice. . . . Under these sections proceedings for removal or suspension are divided into two classes. The first of these includes, alone, proceedings based upon convictions of felonies or misdemeanors, involving moral turpitude. The second class includes two sub-classes, first, those proceedings to be taken for matters within the knowledge of the court, and, second, those which may be taken upon the information of another. Certainly it appears to us, whether notice is required in proceedings under both sub-classes of the second class or whether it is not, it is clear that no notice is required in proceedings of the first class."

[3] It cannot, therefore, be said that the plaintiff has been deprived of his right to practice without due process of law. Sections 289, 290, 291, and 292 of the Code of Civil Procedure provide for an order for hearing and for

a notice to the accused of the time and place thereof, when the proceeding is under the second, third, or fourth subdivisions of section 287; But with regard to a disbarment under subdivision 1, no notice or order is required or provided for. The only notice which the accused attorney is to have under that subdivision is that which he receives on the trial of the criminal charge of which he has been convicted. The law informs him that one of the results of his conviction will be his subsequent disbarment in the manner provided by the Code of Civil Procedure. This answers the constitutional requirement that he shall have due process of law before he can be deprived of his right to practice. The entire matter is involved in the criminal proceeding. The same point arose in the case of *In re Bloor*, 21 Mont. 49 [52 Pac. 779], under a statute taken bodily from our own code provisions and in which the court said:

"We believe no complaint or accusation in writing is necessary where an attorney or counselor has been convicted of a felony, or a misdemeanor involving moral turpitude, and where the record of conviction has been duly certified to this court. We also think that it is not necessary to issue or serve any citation upon an attorney or counselor, of proceedings to disbar him, where he has been convicted of a felony, or a misdemeanor involving moral turpitude, and where the record of his conviction has been duly certified to this court, before this court acts, where such record is the basis of the disbarment proceedings. It is the bounden duty of such attorney so convicted, to know that the legal consequences of his conviction is his disbarment. There is no discretion in the supreme court, for it must proceed under section 418, Code Civ. Proc., on receipt of a certified copy of the record of conviction; and by section 402, Id., the record of conviction is conclusive evidence."

In the later cases of *In re Sutton*, 50 Mont. 91 [Ann. Cas. 1917A, 1223, 145 Pac. 6], and *In re Thresher*, 54 Mont. 475 [170 Pac. 1163], the foregoing language from the earlier decision of that court is cited with approval. It will be noted that while the petitioner herein has cited copiously cases referring to the right and privilege of an attorney to exercise his vocation as a valuable personal and property right, he has referred us to no case holding that

after conviction of a crime involving moral turpitude an attorney is entitled to any further notice or process prior to the entry of an order of court based upon the record of such conviction and which record is, by the express terms of the statutes, made conclusive evidence of the fact of the commission of such crime and of his conviction thereof. Such being the state of the authorities and the terms of the statute, we are constrained to hold that there is no merit in the petitioner's contention.

The application is denied.

Richards, J., *pro tem.*, Shaw, C. J., Lennon, J., Shurtleff, J., Wilbur, J., Lawlor, J., and Sloane, J., concurred.

Rehearing denied.

All the Justices concurred.