[L. A. No. 20248.   In Bank.   July 23, 1948.]

SIDNEY ARTHUR RATLIFF, Respondent, v. EDGAR E. LAMPTON, as Director of Motor Vehicles, etc., et al., Appellants.

Fred N. Howser, Attorney General, and Wilmer W. Morse, Deputy Attorney General, for Appellants.

Arthur C. Fisher for Respondent.

GIBSON, C. J.—The Director of Motor Vehicles issued an order revoking plaintiff's license to drive an automobile, asserting that it appeared from the records of the department that he was "unable to operate a motor vehicle safely upon the highways because of physical or mental disability or lack of skill as shown by examination or other evidence; and in particular because he is subject to a condition causing momentary lapses of consciousness or control." Plaintiff was notified that the order of revocation was effective immediately, that his license must be surrendered, and that he could demand a hearing at any time within 60 days. The order was issued January 2, 1946, and approximately 40 days later plaintiff, without having surrendered his license, made written demand for a hearing. He was told that he must first surrender his license and that upon its receipt a date for hearing would be set. Plaintiff then brought this action for declaratory relief, and the court entered judgment restraining revocation of his license pending a hearing to determine whether it should be revoked. Defendants have appealed.

The question is whether the department was authorized to revoke the license without giving plaintiff an opportunity to be heard. The answer is to be found in the pertinent provisions of the Vehicle Code as amended in 1945, which were in force when the order was issued.

We are not concerned with those provisions which make it mandatory upon the department to revoke or suspend the privilege of any person to operate a motor vehicle upon the highway upon receipt of a record showing that he has been convicted of certain specified offenses. (Veh. Code, §§ 304, 305, 307, 315(a) (3).) In such cases the facts have already been determined in the criminal proceeding. A different situation is present, however, where, as here, the department must make an independent determination of facts as a basis for its action, and this was recognized by the Legislature in the detailed, albeit somewhat confusing, provisions of the 1945 code relative to investigation, reexamination, hearing and review.

Section 306* provided that the department could revoke a license upon any of the grounds which authorized the refusal to issue a license. One of those grounds was inability to operate a motor vehicle safely because of a physical or mental defect. (Veh. Code, § 269.)

Section 314** authorized the department to conduct an investigation to determine whether a license should be suspended or revoked upon a showing of its records of the existence of certain grounds for revocation, among which was "any ground . . . for which a license might be refused." The department was also authorized to reexamine the licensee and to "peremptorily suspend" the license if he failed to submit to a reexamination. The department could suspend or revoke if it determined that "good cause" existed therefor, but it was provided that "No such order of suspension or

---

*"306. Grounds Permitting Revocation or Suspension by the Department. The department may revoke a license upon any of the grounds which authorize the refusal to issue a license and may also suspend or revoke a license upon conviction of the licensee of operating a vehicle on a highway while under the influence of intoxicating liquor."

**"314. Investigations by Department. (a) The department may conduct an investigation to determine whether the license of any person should be suspended or revoked or whether restrictions or other conditions should be imposed, and may make such investigation upon receiving information or upon a showing by its records:

"(1) That the licensee has been involved as a driver in any accident causing death or personal injury or serious damage to property.

"(2) That the licensee has been involved in three or more accidents within a period of 12 consecutive months.

"(3) That the licensee is an habitual violator of the traffic laws.

"(4) That the licensee is an habitual reckless, negligent or incompetent driver of a motor vehicle.

"(5) That the licensee has permitted an unlawful or fraudulent use of such license.

"(6) That any ground exists for which a license might be refused.

"(b) In any such event, the department may require the reexamination of the licensee, and shall give 10 days' written notice of the time and place thereof. In the event the licensee refuses or fails to submit to such reexamination, the department may peremptorily suspend the license of such person until such time as the licensee shall have submitted to such reexamination.

"(c) Whenever the department determines upon any such investigation or reexamination that good cause exists therefor, it may suspend the privilege of any person to operate a motor vehicle upon a highway or revoke such privilege, or may impose reasonable terms and conditions of probation which shall be relative to the safe operation of a motor vehicle by the licensee. No such order of suspension or revocation or the imposition of terms or conditions of probation shall become effective until 10 days after the giving of written notice thereof to the person affected.

"The department shall have authority to modify the terms or conditions of probation whenever good cause appears therefor."

revocation . . . shall become effective until 10 days after the giving of written notice thereof to the person affected.''

Section 315* provided that a person was entitled to demand a hearing before the *director* within 60 days after notice of suspension or revocation by the *department*. The hearing might be held before the director or representatives appointed by him and was to be conducted as nearly as practicable according to the rules of procedure governing civil actions. It was further provided that an application for a hearing should not operate to stay any action of the department.

Section 316** provided that following the hearing the di-

---

*''315. Procedure Upon Refusal, Suspension or Revocation of License or Issuance of Probationary License—Hearings. (a) A person shall be entitled to demand in writing a hearing before the director or his representative within 60 days after the department:

''1. Has refused to issue such person an operator's or chauffeur's license;

''2. Has given notice of the imposition of terms or conditions of probation;

''3. Has given notice of the suspension or revocation of his privilege of operating a motor vehicle upon a highway or of an operator's or chauffeur's license issued to such person, unless such action by the department is made mandatory upon the department by the provisions of this code.

''(b) If a hearing is demanded in writing within the period of 60 days, the department shall fix a time and place therefor in the county wherein said applicant or licensee resides and shall give said person 10 days' notice of the time and place fixed for such hearing. An application for a hearing shall not operate to stay any action by the department referred to in subdivision (a) of this section.

''(c) The hearing shall be conducted by the director or his representative or representatives, not exceeding three in number, who shall be appointed by the director and shall be officers or employees of the department. It shall be conducted as nearly as practicable according to the rules of practice and procedure governing the trial of civil actions, and witnesses shall be summoned and oaths administered as provided in Section 353 of the Political Code. The person demanding such hearing shall have an opportunity at the hearing to present evidence with relation to the action taken by the department (for the consideration of the director or his representative).

''(d) Upon the conclusion of such hearing, the representative or representatives of the director shall prepare findings and may make a recommendation to the director.''

**''316. Proceedings Following Hearing. (a) The director, upon review of the records, evidence and of the findings, if any, shall render his decision sustaining, modifying or reversing the order of suspension or revocation or the refusal to issue a license or the order imposing terms or conditions of probation, or he may suspend the prior action of the department and direct that probation be granted to such person, and fix the terms and conditions of such probation.

''(b) At any time within one year after action by the director under the foregoing provisions of this section, the director upon receipt of application may again review any order made by him under this section and may sustain, modify or reverse any such order.''

rector, upon review of the records, evidence, and findings, should render his decision sustaining, modifying, or reversing the order of suspension or revocation.

There was no express provision in the code which authorized the department to revoke plaintiff's license without first giving him an opportunity to be heard, and where, as here, a license can be revoked only for good cause, this requirement carries with it the right to notice and hearing as a condition to revocation unless there is a clear showing of legislative intent to dispense with that right. (*Carroll* v. *California Horse Racing Bd.*, 16 Cal.2d 164, 168 [105 P.2d 110]; see *La Prade* v. *Department of Water & Power*, 27 Cal.2d 47, 50 [162 P.2d 13]; *Covert* v. *State Board of Equalization*, 29 Cal.2d 125, 131 [173 P.2d 545].) The fact that the Vehicle Code provided for an administrative review subsequent to revocation does not alter this rule. We should not imply legislative intent to deprive a person of his license without a prior opportunity to be heard unless compelled to do so by the plain language of the statute, regardless of whether there is a right to an administrative review after revocation.

In their opening brief defendants took the position that the department, upon receiving information that, for reasons of public safety, plaintiff ought not be permitted to drive, it was authorized by section 306 to revoke his license summarily and compel him to surrender it forthwith. This position is clearly untenable and was apparently abandoned by defendants on the oral argument. Section 306 merely stated grounds authorizing suspension or revocation, and it did not purport to provide the procedure to be followed. The rules relating to the conduct of investigations and hearings were set forth in sections 314, 315 and 316, and the action taken by the department was governed thereby. It is clear, therefore, that the defendant had no authority to compel an immediate surrender of plaintiff's license, since section 314 expressly provided that no order of revocation or suspension should become effective until 10 days after notice.

The next question is whether section 314 must be interpreted as depriving plaintiff of the right to be heard prior to revocation. Defendants argue that the investigation referred to in section 314 was intended to take the place of a hearing, and that if the department determined, as a result of its investigation, that grounds existed for revocation, it

could take summary action. An investigation, however, need not be conducted ex parte, and the fact that a statute authorizes an investigation does not denote an intention to dispense with a hearing. The words "investigation" and "hearing" may mean the same thing. (*Steen* v. *Board of Civil Service Commrs.*, 26 Cal.2d 716, 723 [160 P.2d 816].) Moreover, an intention to require a hearing was shown by the provision in section 314 which authorized the department to revoke a license only when it "determines upon such investigation . . . that good cause exists therefor." As we have seen, under the decision in the Carroll case, "the determination of 'just cause' necessarily requires a fair consideration of any evidence offered by the accused." (16 Cal.2d at p. 167.) The purpose of the 10-day provision may have been, as stated by defendants, to give the licensee an opportunity to arrange his affairs before being deprived of his right to drive a car. In any event the postponement of the effective date of the order does not evidence a legislative intent to dispense with the right to a hearing.

It does not follow, as contended by defendants, that the provisions of sections 315 and 316 become surplusage if section 314 is interpreted as requiring a hearing before revocation. The procedure prescribed by sections 315 and 316 was formal in character, and they could be construed as providing for a review by the *director* of the determination made by the *department* in a less formal hearing conducted by it under section 314. The licensee was given 60 days after notice of revocation by the department within which to apply to the director for a hearing, and it was provided that the hearing so held should be conducted as nearly as practicable according to the rules governing the trial of civil actions. If the hearing was held by representatives instead of by the director, they were required to make findings and recommendations to him, and under the provisions of section 316 these findings were to be reviewed by the director who should then render his decision sustaining, modifying or reversing the order of suspension or revocation.

When read together, these sections may be construed as providing for an investigation and hearing conducted by the department which would afford the licensee an opportunity to present evidence under the rule in the Carroll and Steen cases. If the department determined as a result of such investigation and hearing that good cause existed therefor, it

might suspend or revoke, but the order would not become effective until 10 days after notice of the action taken. At any time within 60 days after such notice the licensee was entitled to have the action of the department reviewed in a more formal hearing before the director or his representatives, in which the final decision was to be made by the director. The action of the department in suspending or revoking a license would not be stayed, however, by an application for a hearing, and the order would become effective at the expiration of the 10-day period notwithstanding the pendency of a review by the director. Although the procedure prescribed was somewhat cumbersome and the provisions were in many respects uncertain, the lack of a simple, clearly defined plan cannot be used to justify a judicial determination of a legislative intent to dispense with the right to be heard before revocation.

Nor do we find anything in the legislative history of these provisions which requires acceptance of the construction which defendants would have us place upon them. Prior to 1945, it was reasonably clear that the statute provided for a hearing before an order of revocation could become effective. The only changes made by the 1945 amendments which are pertinent here were to increase the time from 10 to 60 days within which to apply to the director for a hearing, and the addition of the express provision relating to a stay. These changes cannot be construed as an expression of legislative intent to deprive a person of the right to be heard before his license is revoked. In considering the legislative history, it is significant to note that in 1947 sections 314, 315 and 316 were entirely recast, and that they now expressly provide that a person is entitled to a hearing before the effective date of a notice of revocation.

Finally defendants seek to justify their interpretation of the code provisions upon reasons of public policy and assert that the power of summary revocation is necessary for the protection of people using the highways. A similar argument was made in the Carroll case, and it was there held that the contention is one which might well be directed to the question of constitutionality where there is an express legislative denial of the right to a hearing, but that it cannot be used to imply a legislative intent to deny such right before revocation. It is contrary to commonly accepted principles of justice to revoke a license for cause without giving the

person charged an opportunity to be heard before a decision is made, since the determination necessarily requires a fair consideration of any evidence offered by the licensee. (*Carroll* v. *California Horse Racing Bd.*, 16 Cal.2d 164, 167-168 [105 P.2d 110].) Whether such summary procedure might be justified under the police power in the interest of public safety and welfare in some instances we need not decide, but if the Legislature considers action of that kind necessary, the intention to dispense with notice and hearing should be plainly stated in unequivocal language. We find no such intention expressed in the statute under consideration here.

The judgment is affirmed.

Shenk, J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.