[S. F. No. 19332. In Bank. Oct. 14, 1955.]

ANTHONY DiGENOVA, Respondent, v. STATE BOARD OF EDUCATION et al., Appellants.

Edmund G. Brown, Attorney General, Richard H. Perry, Deputy Attorney General, Dion R. Holm, City Attorney (City and County of San Francisco), and Irving G. Breyer, for Appellants.

Walter H. Duane for Respondent.

CARTER, J.—Plaintiff commenced this mandamus proceeding to compel the reinstatement of his state credentials to teach in the public schools. He named as defendants the State Board of Education, its members, and commission on credentials and its members, the board of education of the city and county of San Francisco, its members, and others. He charged in his petition that he holds an elementary credential and other special credentials issued by the state board and that he was a teacher with permanent tenure employed by the San Francisco board; that no charges have been filed against him accusing him of immoral or unprofessional conduct or any other grounds; that on September 28, 1953, the San Francisco board dismissed plaintiff as a teacher without a hearing, without ''preferring'' any charges against him, and without notice; that defendants acted arbitrarily and capriciously in revoking his credentials.

The superior court issued an alternative writ of mandate and in their return thereto and answer to the petition, defendants admit plaintiff possessed the credentials issued by the state board and that he was a permanent tenure teacher in the San Francisco schools. They alleged that the state board did revoke plaintiff's credentials under the laws of California, particularly section 12011.7[1] of the Education Code, and pursuant to section 12756 of that code;[2] that by reason of

---

[1] '' 'Sex offense' as used in Sections 12107, 12756, 12785, 13001.3, and 14002.3 of this code means any offense defined in Sections 266, 267, 285, 286, 288, 288a, 647a, subdivision 3 or 4 of Section 261, subdivision 5 of Section 647, or subdivision 1 or 2 of Section 311 of the Penal Code; or any offense involving lewd and lascivious conduct under Section 702 of the Welfare and Institutions Code; or any attempt to commit any of the above-mentioned offenses; or any offense committed or attempted in any other state which, if committed or attempted in this State, would have been punishable as one or more of the above-mentioned offenses.'' (Ed. Code, § 12011.7.)

[2] ''Whenever the holder of any credential, life diploma, or document issued by the State Board of Education has been convicted of any sex offense as defined in Section 12011.7, the State Board of Education shall forthwith suspend the credential. life diploma, or document. If the conviction is reversed and the holder is acquitted of the offense in a new

the revocation of plaintiff's credentials the San Francisco board dismissed petitioner. Exhibits were attached. One exhibit was a certified copy of the minutes of the state board showing that the secretary requested that certain named persons, including plaintiff, have their credentials revoked because of conviction of sex offenses. A resolution was duly adopted revoking the credentials of all of these persons because of their conviction of sex offenses as defined in section 12011.7 of the Education Code; the resolution was passed pursuant to section 12756 of that code. The other exhibits are certified transcripts of the proceedings in the municipal court in Los Angeles. One of these showed plaintiff had pleaded guilty to a violation of section 41.10 of ordinance 77000 of the city of Los Angeles.[3] and that he was sentenced to 90 days in jail but that execution was suspended and plaintiff was placed on probation for two years, 20 days of which must be spent in jail. The other transcript showed that he had pleaded guilty to "vagrancy lewd" for which he was fined $50.

The order to show cause issued with the alternative writ came on for hearing, at which time defendants served and filed their return and answer. Plaintiff's counsel said he would put on his evidence and that the only question involved was that the revocation of plaintiff's credentials by the state board and his dismissal by the San Francisco board were had without charges, notice or hearing. He put plaintiff on the stand but nothing was developed that had not been admitted other than letters between the state board and plaintiff. It was stipulated that the credentials were revoked on October 29, 1953. Defendants introduced into evidence a certified copy of the portion of the Los Angeles ordinance containing section 41.10 of the Los Angeles Municipal Code, *supra*. Plaintiff filed no replication or answer to defendants' return and answer. The matter was submitted; judgment was for plaintiff. The judgment recited that the state board had revoked plaintiff's credentials; that the San Francisco board had dis-

---

trial or the charges against him are dismissed, the board shall forthwith terminate the suspension of the credential, life diploma, or document. When the conviction becomes final or when imposition of sentence is suspended the board shall forthwith revoke the credential, life diploma, or document.'' (Ed. Code, § 12756.)

[3] "No person shall rent, let or assign any room or apartment with the understanding or belief that such room or apartment is to be used by the person or persons to whom it is sold, let, rented or assigned for the purpose of having sexual intercourse with a person to whom he or she is not married, or for the purpose of performing or participating in any lewd act with any such person." (Los Angeles Municipal Code, § 41.10.)

missed petitioner in excess of its jurisdiction and in abuse of its discretion; and ordered the reinstatement of the credentials and plaintiff to his position as teacher.

Defendants assert that no notice or hearing was required for a revocation of plaintiff's credentials; that section 12756, *supra,* should not be construed as requiring a hearing. Because of a combination of several factors, we are compelled to agree with defendants' assertion.

Plaintiff relies on the rule of statutory construction that statutes should be construed so as to require a hearing. The most recent expression by this court on that question is in *Fascination, Inc.* v. *Hoover,* 39 Cal.2d 260, 271 [246 P.2d 656], where we said: ". . . it has been held that unless the statute expressly provides to the contrary a license cannot be revoked without a hearing where the statute contemplates a quasi judicial determination by the administrative agency that there be cause for the revocation; that because of reasons of justice and policy the statute will be interpreted to require a hearing. (*Ratliff* v. *Lampton,* 32 Cal.2d 226 [195 P.2d 792, 10 A.L.R.2d 826] ; *Carroll* v. *California Horse Racing Board, supra,* 16 Cal.2d 164 [105 P.2d 110] ; *La Prade* v. *Department of Water & Power, supra,* 27 Cal.2d 47 [162 P.2d 13] ; *Covert* v. *State Board of Equalization,* 29 Cal.2d 125 [173 P.2d 545] ; *Steen* v. *Board of Civil Service Commrs.,* 26 Cal.2d 716 [160 P.2d 816] ; *Bannerman* v. *Boyle,* 160 Cal. 197 [116 P. 732] ; *Welch* v. *Ware,* 161 Cal. 641 [119 P. 1080] ; *Knights of Ku Klux Klan, Inc.* v. *Francis,* 79 Cal.App. 383 [249 P. 539].)"

Here the statute (§ 12756, *supra*) provides that when a person has been convicted of any one of certain specified offenses the state board "shall" (ordinarily a mandatory word [Ed. Code, § 19]) "forthwith" revoke the credential when the conviction becomes final. This implies that the credential should be revoked without the delay which would be incident to a hearing, probably for the reason that teachers convicted of sex offenses should be promptly removed from the classroom and contact with students.

Other related statutory provisions dealing with revocation of credentials on grounds other than conviction of sex offenses make express provision for notice and hearing. Section 12752.1 of the Education Code requires notice and hearing for revocation under sections 12751 and 12752 which deal generally with revocation for cause, but makes no reference to suspensions and revocations under section 12756,

*supra.* This is indicative of a legislative intent that no hearing is to be had under section 12756. In *Carroll* v. *California Horse Racing Board,* 16 Cal.2d 164 [105 P.2d 110], an implied requirement of notice and hearing was found where the statute provided that the license of a trainer of horses could not be revoked "without just cause." Here, however, the other statutes which require hearings deal with the same class of persons, those holding teaching credentials, and a mandatory duty was not there imposed on the board to revoke a credential when the holder had been convicted of a specified crime. (See *Escobedo* v. *State,* 35 Cal.2d 870 [222 P.2d 1].)

In the revocation of a license for the conviction of a specified crime under statutes like section 12756 there is no real necessity for the board to "examine the facts, resolve any conflicts in the evidence, and exercise its judgment in respect thereto" (*Covert* v. *State Board of Equalization,* 29 Cal.2d 125, 131 [173 P.2d 545]). There can be little dispute as to the conviction as it is a matter of public record and the question of identity is not likely to arise. Whether the conviction is of a crime of the character specified is a question of law. Revocations on such grounds constitute ministerial action by the board rather than quasi judicial action. For illustration, in dealing with the disbarment of an attorney for conviction of a crime involving moral turpitude it was said in *In re Collins,* 188 Cal. 701, 706 [206 P. 990, 32 A.L.R. 1062] : "It will thus appear that the supreme court of the United States has in these cases definitely held that the legislature has power to provide that the conviction of a person of a crime, who had prior thereto been given the right or privilege of engaging in the practice of either of said learned professions, should, *ipso facto,* work a revocation of his right or privilege to lawfully continue so to do. If the legislature thus possesses this plenitude of power in respect to those members of such professions who have been convicted of crimes involving moral turpitude it may not be contended that the legislature has not also the power to provide that the record of such conviction shall constitute conclusive evidence of the fact of such conviction for the purpose of having stricken from the rolls of such profession the name of the person who has been thus convicted of such a crime. . . . In this view of the matter the essential fact working a deprivation of the petitioner's right and privilege of continuing in the practice of his profession was not his conviction of a crime, nor was it the order of this court made automatically upon

the receipt of the record of such conviction, but it was his violation of the law in the commission of said crime; and as to that he had his day in court when he was put to trial for and convicted of the commission of such crime. . . . As is stated by the supreme court of New York in the case of *In re Lindheim,* 195 App.Div. 827 [187 N.Y.Supp. 211]: 'The provisions of our judiciary law above cited are mandatory in case of a conviction of a felony and upon such conviction the result prescribed follows automatically and upon presentation of the facts to the court the prescribed order must be made.' A similar view is expressed by this court in the case of *In re Riccardi,* 182 Cal. 675 [189 P. 694], wherein the court says:

" 'It has always been understood that conviction of an attorney of a felony or misdemeanor involving moral turpitude, made disbarment incumbent, without any discretion in this court to give other judgment. And this, we think, must be so, in view of section 299 of the Code of Civil Procedure, which prescribes exactly the judgment to be given in such a case, viz., "that the name of the party shall be stricken from the roll of attorneys and counselors of the court, and that he be precluded from practicing as such attorney or counselor in all the courts of this state," while in other cases the judgment "may be according to the gravity of the offense charged; deprivation of the right to practice . . . permanently, or for a limited period." We do not see how the legislature could have more clearly expressed its determination that the only penalty in such a case is permanent disbarment. And certainly it would not be a wise rule that would invest the court with discretionary power in a matter where the sole evidence upon which it acts is a certified copy of a record of conviction.'

"In the case of *In re Shepard,* 35 Cal.App. 492 [170 P. 442], the precise question involved in this proceeding arose and in passing upon the same the district court of appeal said:

" 'It is insisted that this court had no jurisdiction to remove Shepard's name from the roll of attorneys without notice. . . . Under these sections proceedings for removal or suspension are divided into two classes. The first of these includes, alone, proceedings based upon convictions of felonies or misdemeanors, involving moral turpitude. The second class includes two sub-classes, first, those proceedings to be taken for matters within the knowledge of the court, and, second, those which may be taken upon the information of another. Certainly it appears to us, whether notice is required

in proceedings under both sub-classes of the second class or whether it is not, it is clear that no notice is required in proceedings of the first class.'

". . . The same point arose in the case of *In re Bloor*, 21 Mont. 49 [52 P. 779], under a statute taken bodily from our own code provisions and in which the court said:

" 'We believe no complaint or accusation in writing is necessary where an attorney or counselor has been convicted of a felony, or a misdemeanor involving moral turpitude, and where the record of conviction has been duly certified to this court. We also think that it is not necessary to issue or serve any citation upon an attorney or counselor, of proceedings to disbar him, where he has been convicted of a felony, or a misdemeanor involving moral turpitude, and where the record of his conviction has been duly certified to this court, before this court acts, where such record is the basis of the disbarment proceedings. It is the bounden duty of such attorney so convicted, to know that the legal consequences of his conviction is his disbarment. There is no discretion in the supreme court, for it must proceed under section 418, Code Civ. Proc., on receipt of a certified copy of the record of conviction; and by section 402, Id., the record of conviction is conclusive evidence.' " (See *In re Hallinan*, 43 Cal.2d 243 [272 P.2d 768].) ■ It is clear therefore that plaintiff's constitutional rights were not violated and that where the mandatory duty is imposed on a board to revoke a license (credentials here) upon the conviction of the licensee of a specified crime no hearing by the board is required or contemplated. A different problem is presented with respect to a hearing where the revocation is based on the conviction of a specified crime as was indicated in *Ratliff* v. *Lampton*, 32 Cal.2d 226, 227 [195 P.2d 792, 10 A.L.R.2d 826] : "We are not concerned with those provisions which make it mandatory upon the department to revoke or suspend the privilege of any person to operate a motor vehicle upon the highway upon receipt of a record showing that he has been convicted of certain specified offenses. (Veh. Code, §§ 304, 305, 307, 315(a) (3).) In such cases the facts have already been determined in the criminal proceeding. A different situation is present, however, where, as here, the department must make an independent determination of facts as a basis for its action, and this was recognized by the Legislature in the detailed, albeit somewhat confusing, provisions of the 1945

code relative to investigation, reexamination, hearing and review.''

■ The dismissal of plaintiff by the San Francisco board followed as a matter of course the revocation of his credentials because a governing board of a school district shall employ in positions requiring credentials only such persons who have credentials. (Ed. Code, §§ 12001, 13001.)[4] No notice or hearing would appear to be required in such a case.

The judgment must be reversed but on retrial plaintiff may show that the boards exceeded their authority in that the convictions were not those contemplated by section 12756 or that he was not the person convicted and thus obtain appropriate relief. Plaintiff argues those questions here but in the trial court he relied solely on the lack of notice and hearing which was the basis of that court's decision.

The judgment is reversed.

Gibson, C. J., Shenk, J., Traynor, J., Schauer, J., and Spence, J., concurred.

EDMONDS, J.—Upon the record in this case, I find no issue of fact to be determined upon a retrial. It is said in the majority opinion that ''on retrial plaintiff may show that the boards exceeded their authority in that the convictions were not those contemplated by section 12756 or that he was not the person convicted and thus obtain appropriate relief. Plaintiff argues those questions here but in the trial court he relied solely on the lack of notice and hearing which was the basis of that court's decision.''

The first point, as conceded by the majority, presents ''a question of law.'' All of the documents necessary to a determination of the nature of the crime of which DiGenova assertedly was convicted were received in evidence. Whether the convictions shown by those documents were ''sex offenses'' within the meaning of section 12756 of the Education Code involves no issue of fact, and the question may, and should be, decided upon this appeal. Insofar as lack of proof of identity is concerned, the petitioner has studiously avoided in petition, brief and argument, making any claim that he

---

[4]The local board may suspend a teacher on conviction of certain crimes but the teacher may have a hearing if he demands it within 30 days after notice of his suspension; if he does not demand it he is dismissed. It is not clear here whether proper notice was given or a hearing demanded.

is not the person who was convicted at the time and for the offenses shown in the record in evidence. In their petition for hearing in this court, appellants pointed to evidence in the record sufficient to establish such a conviction. DiGenova in his answer to the petition stated: "It is respondent's contention that the only matter to be determined by the Court was whether or not he was entitled to a hearing before a revocation of his credentials. The question of guilt or innocence with reference to a conviction, as claimed by the appellants, was not an issue in the matter being heard in the Trial Court."

The burden of proof is on the petitioner to show that the action of the board was improper or unauthorized. (*Sterling Corp.* v. *Superior Court*, 207 Cal. 370, 373 [278 P. 859]; *Cook* v. *Reid*, 39 Cal.App. 453, 458 [183 P. 820]; *Fraser* v. *Cummings*, 48 Cal.App. 504, 507 [192 P. 100]; *MacLeod* v. *Long*, 110 Cal.App. 334, 339 [294 P. 54]; *Sevina* v. *Hickok*, 113 Cal.App. 301, 305 [298 P. 116].) Nowhere in this proceeding has DiGenova asserted that he is *not* the person convicted or that the crimes involved are *not* sex offenses within the meaning of section 12756 of the Education Code. On the contrary, in response to questions from the bench at the hearing of this appeal as to whether DiGenova claims that he is not the person who was convicted as charged, his counsel refused a direct answer. His reply was that the action of the board of education is challenged solely upon the ground that his client was denied notice and hearing as assertedly required by statute.

The effect of the unqualified reversal is to remand the case for trial upon a petition which alleges no sufficient ground for any relief, and where the respondent refuses to tender any issue of fact. For these reasons, I would reverse the judgment with the directions to the trial court to dismiss the petition for writ of mandate.