## SUPREME COURT — APPELLATE DIVISION — FIRST DEPARTMENT.

March 11, 1921.

## MATTER OF NORMAN R. LINDHEIM.

(195 App. Div. 827)

(1) ATTORNEY—DISBARMENT—CONVICTION IN FEDERAL COURTS OF FELONY—APPEAL CANNOT DELAY DISBARMENT.

Where an attorney has been convicted in the Federal courts of the crime of conspiracy, which is a felony within the definition of section 335 of the United States Criminal Code, he automatically ceases to be an attorney or competent to practice as such, by force of section 477 of the Judiciary Law, and under subdivision 3 of section 88 of the Judiciary Law the Appellate Division must strike his name from the roll on presentation of a certified or exemplified copy of the judgment of conviction, and the action of the Appellate Division cannot be deferred because he has appealed from the judgment of conviction.

(2) SAME—VACATING ORDER OF DISBARMENT ON REVERSAL OF JUDGMENT OF CONVICTION.

If the judgment of conviction should be reversed application may then be made to the court for the vacation of the order.

DISCIPLINARY PROCEEDINGS instituted by the Association of the Bar of the City of New York.

*Einar Chrystie,* for the petitioner.

*Crim & Wemple,* for the respondent.

CLARKE, P. J.:

This matter comes before the court upon the petition of the Association of the Bar of the City of New York and an answering affidavit in behalf of the respondent.

The respondent was admitted to practice as an attorney and counselor at law at the May, 1903, term of the Appellate

Division, First Department, and has practiced as such since his admission.   As appears by a duly certified copy of an extract from the minutes of the United States District Court for the Southern District of New York, the respondent was tried upon an indictment in said court for conspiracy with others " to defraud the United States by obstructing, impeding, hindering and delaying the United States in, and preventing the United States from seizing, capturing, receiving, holding, administering, assuming the control of and title to certain indebtedness of one Edward A. Rumely to the Imperial German Government, an enemy of the United States," the United States being then at war with the Imperial German Government, under section 37 of the United States Criminal Code (35 U. S. Stat. at Large, 1096), which provides as follows: " If two or more persons conspire either to commit any offense against the United States, or to defraud the United States in any manner or for any purpose, and one or more of such parties do any act to effect the object of the conspiracy, each of the parties to such conspiracy shall be fined not more than ten thousand dollars, or imprisoned not more than two years, or both."

The respondent was convicted on the 18th of December, 1920, and on the 20th of December was sentenced to serve a term of one year and one day in the United States penitentiary, Atlanta, Ga.   Section 335 of the United States Criminal Code (35 U. S. Stat. at Large, 1152) provides: " All offenses which may be punished by death, or imprisonment for a term exceeding one year, shall be deemed felonies."

Section 477 of the Judiciary Law provides that an attorney and counselor at law who shall be convicted of a felony shall upon such conviction cease to be an attorney and counselor at law or to be competent to practice law as such.   Subdivision 3 of section 88 of the Judiciary Law provides that whenever an attorney and counselor at law shall be convicted of a felony there may be presented to the Appellate Division of the Supreme

Court a certified or exemplified copy of the judgment of such conviction and thereupon the name of such person so convicted shall by order of the court be stricken from the roll of attorneys.

The answering affidavit admits that the matters set forth in the petition and the exhibits thereto attached are true. It further alleges that an appeal from the said judgment of conviction was immediately taken by the said respondent and is being pressed to a hearing and decision as rapidly as possible.

The provisions of the Judiciary Law above cited are mandatory in case of a conviction for felony and upon such conviction the result prescribed follows automatically, and upon presentation of the facts to the court, the prescribed order must be made. If the judgment of conviction shall be reversed upon appeal a proper application may then be made to the court for the vacation of the order now required to be entered. (Judiciary Law, § 88, subd. 4.)

The respondent is disbarred.

LAUGHLIN, DOWLING, SMITH and GREENBAUM, JJ., concur.

Respondent disbarred. Settle order on notice.