## Keller's Appeal

*Abraham J. Levy*, Special Deputy Attorney General, for Commonwealth.

*Edward I. Weisberg*, for appellant.

CRUMLISH, J., May 4, 1945.—This is an appeal from an order of suspension of privilege to operate motor vehicles by the Secretary of Revenue.

The facts are admitted.

Appellant was involved in an automobile accident which resulted in a verdict against him in a court of common pleas in the sum of $7,800. At that time, he carried a policy of public liability insurance in the maximum amounts of $5,000 in favor of one person, and $10,000 in favor of two or more persons, in any one accident. After the motion for new trial was dismissed,

his insurance carrier paid the maximum amount due and payable under the terms of its policy, which left a balance of the judgment unpaid. No appeal was taken from the aforesaid judgment and the time limit for filing the same expired September 27, 1944. Appellant's license was suspended August 24, 1944.

The appeal raises two questions:

I. Was the suspension premature?

II. Is a person, who carried public liability insurance, even though it was inadequate to satisfy the full amount of a judgment entered against him, liable to suspension of his motor vehicle operating privileges because the full amount of the judgment has not been paid and no proof of financial responsibility for future accidents has been furnished?

The authority of the Secretary of Revenue to suspend appellant's license is conferred by the Uniform Automobile Liability Security Act of 1933, as amended by the Act of June 24, 1939, P. L. 1075, sec. 11; and further amended by the Act of August 6, 1941, P. L. 855, sec. 1; 75 PS §1263:

"If, within fifteen days after it becomes final, any person fails to satisfy any judgment rendered against him by a court of competent jurisdiction in this or any other State, . . . for damages on account of personal injury, or of damage to property in excess of five dollars and thirty-three cents ($5.33), resulting from the operation, subsequent to the effective date of this act, by him, his agent or any other person with his express or implied consent, of a motor vehicle owned by him, or the operation by him or his agent of a motor vehicle not owned by him, the secretary, upon receiving a certified copy of such final judgment from the court in which the same was rendered, shall give such person notice within five (5) days after receiving such certified copy by registered mail at his last address recorded in the Department of Revenue that his operator's license and all of his registration certificates will be suspended un-

less such judgment is satisfied within twenty (20) days from the date of such notice. Upon failure to satisfy any such judgment the secretary shall forthwith suspend such person's operator's license and all of his registration certificates and they shall remain suspended and shall not be renewed, nor shall any other motor vehicle be thereafter registered in his name, while such judgment remains unsatisfied and subsisting and until he has furnished proof of financial responsibility for future accidents."

As to the first question, it is appellant's argument that the Secretary of Revenue should have waited until the time limit for filing an appeal from the judgment against him in the common pleas court had expired before entering an order suspending his driver's privilege. We make the observation, but do not decide, that there might be some merit in this argument if the judgment in the common pleas court against appellant had been appealed within the time limit. In 2 Black on Judgments 774, §510, it is said:

"In many of the states it is held that the pendency of an appeal suspends the operation of the judgment in respect to all its usual effects, and hence, the judgment not becoming final while the appeal remains undetermined, it cannot be pleaded in bar, in the interval, nor used in evidence as an estoppel. *This seems also to be the view taken in Pennsylvania, where it is said that, as a judgment must be final before it can operate as an estoppel, a decree in admiralty from which an appeal is taken and pending cannot be pleaded in bar.*", citing Souter v. Baymore, 7 Pa. 415 (1847), 47 Am. Dec. 518. (Italics supplied.)

In 2 Freeman on Judgments 1525 (5th ed.), it is said:

"When an appeal is taken from a judgment, it is evident that the appellant cannot have the full benefit of his appeal if, during the time necessary to procure a decision in the appellate court, the judgment may be

used against him to the same extent as if no appeal had been taken. . . . In many of the states the perfecting of an appeal suspends the operation of a judgment as an estoppel, and renders it no longer admissible as evidence in any controversy between the parties.", also citing Souter v. Baymore, supra.

See also Columbia National Bank v. Dunn, 207 Pa. 548 (1904). Compare, however, In re Kirby, 84 Fed. 606 (1898), and In re Lindheim, 187 N. Y. Supp. 211, 195 App. Div. 827 (1921), which indicate that the rule stated by Black and Freeman is inapplicable where the only material fact to be proved of a judgment is that it has been rendered. In the Kirby and Lindheim cases, convictions in criminal cases were the basis of disbarment proceedings notwithstanding pending appeals.

However, according to the admitted facts, appellant *did not* appeal from the judgment of the common pleas court, hence the question of the action of the secretary in revoking his privilege has no bearing on the finality of such judgment. The judgment of the court of common pleas was final at the time of the action of the Secretary of Revenue. The language of Justice Stewart in Thompson v. Graham, 246 Pa. 202, 204 (1914), is peculiarly applicable and controlling:

"The argument is that inasmuch as the judgment had been appealed from by the defendant it was not final; that the appeal opened or annulled it, leaving the matter to be proceeded with de novo. The argument would be forceable were its premises admitted; but this cannot be. The judgment was as definitive as any judgment obtained in a common law court. It does not follow that because appealable it was not definitive. By definitive, in speaking of judgments or decrees, we mean something opposed to interlocutory, and nothing more."

Accordingly, we conclude that the action of the Secretary of Revenue in revoking appellant's privileges

was timely and proper, even though the period within which an appeal might have been taken from the judgment in the common pleas court had not then expired.

As to the second question, it is appellant's argument that the intent of the legislature "was to prevent reckless drivers from operating upon public highways their motor vehicles without carrying insurance". By carrying public liability insurance even in a limited amount, "he has not been guilty of violating the act or even the intention" thereof. He further argues that he cannot be bound by the conduct of his insurance carrier in paying on account of a judgment in accordance with the terms of its contract rather than appealing therefrom. No authority is cited by appellant's learned counsel in support of this novel proposition. Reference to the statutory authority of the Secretary of Revenue clearly indicates that *it is not discretionary but mandatory* upon him to suspend the operator's license of one who has failed to satisfy any judgment rendered against him by a court of competent jurisdiction in this or any other State, unless such judgment *is satisfied* within 20 days after notice and he furnishes proof of financial responsibility for future accidents. Cf. Oesterling's Appeal, 46 D. & C. 23 (1942), and Hynes v. Logan, Secretary of Revenue, et al., 47 D. & C. 333 (1943). The words of the statute under consideration are clear and free from all ambiguity, they must not be disregarded on the pretext of pursuing its spirit: The Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 51, 46 PS §551; Commonwealth v. Chester County Light & Power Co., 339 Pa. 97, 99 (1940). Satisfaction of such a judgment does not mean payment on account thereof.

The record failing to disclose that appellant has paid the judgment in toto and has furnished the required proof as to financial responsibility for future accidents, the second question raised by appellant is answered in the negative.

Appeal dismissed.