[Civ. No. 12212. Third Dist. Nov. 24, 1970.]

C.R.W., a Minor, etc., Plaintiff and Appellant, v.
VERNE ORR, as Director, etc., Defendant and Appellant.

**COUNSEL**

Warmke & Konig and Richard W. Konig for Plaintiff and Appellant.

Thomas C. Lynch, Attorney General, and G. A. Strader, Deputy Attorney General, for Defendant and Appellant.

**OPINION**

**PIERCE, P. J.**—Respondent Director of the Department of Motor Vehicles ("Department"), appeals from a judgment entered July 3, 1968, granting

a peremptory writ of mandate in a proceeding which challenged the validity of the Department's revocation of C.R.W.'s driver's license pursuant to Vehicle Code section 13355[1] and from the writ itself.[2] C.R.W. is a minor. Through his guardian ad litem he appeals from a portion of the writ. The writ commanded the Department to revoke an order of revocation of C.R.W.'s driver's license and to reinstate the license; also to strike from its files any reference to his alleged violation of Vehicle Code sections 23101 or 23102. The minor's appeal seeks to have us declare section 13355 unconstitutional as applied to minors in that it is unconstitutional under the Fourteenth Amendment of the United States Constitution. We will reverse the judgment for reasons stated below.

On or about July 9, 1967, C.R.W. was involved in a motor vehicle accident. The charge, violation of Vehicle Code section 23101 (felony drunk driving), was certified to the Juvenile Court of Sacramento County. There, after trial in which he was represented by counsel, it was found that he had violated Vehicle Code section 23102 (misdemeanor drunk driving), and he was placed on probation for a period of six months. The juvenile court, under Vehicle Code sections 1816 and 13355, forwarded an abstract of judgment to the Department. It showed that C.R.W. had been found to have committed the offense of misdemeanor drunk driving as stated. On the reverse side of the form there was a notation, apparently written by the clerk of the juvenile court, to the effect that the juvenile court judge recommended to the Department that the minor's driving privilege and license not be revoked or suspended. (The juvenile court judge had directed that recommendation.) No appeal was taken from that order.

On October 17, 1967, the Department issued its order of revocation of the minor's license. No hearing was afforded.

█ This mandamus proceeding was commenced on April 26, 1968, and a hearing was had with the result recited above. In argument, an attempt is made to challenge the proceedings in the Sacramento County Juvenile Court.

---

[1]Section 13355 provides in relevant part: "The department shall revoke the privilege of any person to operate a motor vehicle who has been found by a judge of the juvenile court to have committed any of the following offenses:

"(b) Operating a vehicle while a habitual user of narcotic drugs or while under the influence of intoxicating liquor or narcotic drugs.

"Each judge of a juvenile court shall immediately report such findings to the department."

[2]No appeal lies from a peremptory writ of mandate issued pursuant to a judgment. (Code Civ. Proc., § 904.1; *DeMartini* v. *Department of Alcoholic Beverage Control* (1963) 215 Cal.App.2d 787, 794 [30 Cal.Rptr. 668], hg. den.) Accordingly, the attempted appeal therefrom must be dismissed.

This is neither an appeal from, nor a petition for, a writ affecting those proceedings. We must assume that the juvenile court found under sufficient evidence that the minor had violated Vehicle Code section 23102 and that it had jurisdiction over the minor. It is not argued that the Department did not have before it an abstract sufficient in form.

We hold that the Department is neither obligated nor authorized to review the factual and procedural background of abstracts filed with it as this one was filed. Vehicle Code section 13355 vests no discretion in the Department. Revocation is made mandatory upon receipt of a report from a juvenile court that the minor has committed one of the offenses enumerated therein. "Operating a vehicle while . . . under the influence of intoxicating liquor" is one of such offenses. (See fn. 1.) The operative words of the condition precedent to the order of revocation under section 13355 are "who has been found by a judge of the juvenile court to have committed . . . ." It was neither alleged nor shown—nor is it here contended—that that condition was not satisfied. The uncontradicted facts are to the contrary. No exercise of discretion was involved and no hearing was provided. A method of review for the purposes of testing the validity of the Department's act was available. Mandamus would have been available for the purpose of showing that the Department did not have before it that which the law prescribes as the only condition to the action it took. But that was the limit of its right. The minor was not entitled to an administrative hearing. (See *Thomas* v. *Department of Motor Vehicles* (1970) 3 Cal.3d 335 [90 Cal.Rptr. 586, 475 P.2d 858]; *Hough* v. *McCarthy* (1960) 54 Cal.2d 273, 285-287 [5 Cal.Rptr. 668, 353 P.2d 276]; *People* v. *O'Rourke* (1932) 124 Cal.App. 752, 757-759 [13 P.2d 989], hg. den.; *Cook* v. *Bright* (1962) 208 Cal.App.2d 98, 101-103 [25 Cal.Rptr. 116]; *Houlihan* v. *Department of Motor Vehicles* (1970) 3 Cal.App.3d 915, 918-919 [83 Cal.Rptr. 885].)

The minor had had a right to appeal to this court from the juvenile court's order. (Welf. & Inst. Code, § 800.) Upon a sufficient showing he could have sought an extraordinary writ directed to the juvenile court. He did not elect either of these courses.

From the foregoing it follows that the San Joaquin County Superior Court's judgment ordering a writ of mandamus to issue against the Department was without jurisdiction.

For the same reason the "recommendation" of the Sacramento County Superior Court set forth on the back of the abstract was a nullity and properly treated as such by the Department.

No one doubts, as the minor contends, that juveniles have constitu-

tional rights and are entitled to due process. (*Kent* v. *United States* (1966) 383 U.S. 541 [16 L.Ed.2d 84, 86 S.Ct. 1045]; *Re Gault* (1967) 387 U.S. 1 [18 L.Ed.2d 527, 87 S.Ct. 1428].) But in the appeal before this court the minor does not point out and we do not perceive any aspect in which the provisions of Vehicle Code section 13355 are, as to minors, violative of due process. The proceedings before the juvenile court are not before us.

The appeal from the writ is dismissed (see fn. 2). The judgment appealed from is reversed with directions to the trial court to deny the petition, vacate the writ issued and dismiss the proceedings. Defendant is to recover costs.

Friedman, J., and Janes, J., concurred.