[Civ. No. 12475. Fourth Dist., Div. One. Apr. 2. 1973.]

ROBERT C. COZENS, as Director, etc., Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY; Respondent;
DOROTHEA RAGETTE BLAINE, Real Party in Interest.

COUNSEL

Evelle J. Younger, Attorney General, and Ronald F. Russo, Deputy Attorney General, for Petitioner.

No appearance for Respondent.

Keith C. Monroe for Real Party in Interest.

## OPINION

**BROWN (Gerald), P. J.**—Robert C. Cozens, Director of the Department of Motor Vehicles, petitions for a writ to restrain the superior court from enforcing its order prohibiting the department from suspending the driver's license of the real party in interest, Dorothea R. Blaine, after her conviction for felony drunk driving (Veh. Code, § 23101).

The petition is meritorious and should be granted for two reasons. First, the superior court does not have jurisdiction over the department in the proceeding in which the order was made. Second, the superior court does not have jurisdiction to prevent the department from performing its statutorily required duty to suspend Blaine's license.

On December 21, 1971, a jury convicted Blaine of felony drunk driving, i.e., drunk driving causing bodily injury (Veh. Code, § 23101). On March 10, 1972, the court sentenced her to jail for one year, but suspended the sentence and placed her on probation. The order also states ". . . suspension of defendant's license deemed to be automatic pursuant to Department of Motor Vehicle regulations; . . ."

On the same day, the court entered an order "staying execution of the order granting probation" pending termination of the cause in the appellate courts and allowed Blaine to remain at liberty on her own recognizance for that period. Blaine has appealed her conviction of felony drunk driving.

The court clerk prepared and forwarded to the Department of Motor Vehicles a certified copy of the abstract of the record (Veh. Code, § 1803). Following the duty imposed upon it by Vehicle Code section 13352, subdivision (b),[1] on April 6, 1972 the department suspended Blaine's driving privilege for one year. In response to the suspension, on May 2, 1972, Blaine returned to court and obtained a "Supplemental Stay Order." It repeats some of the wording of the March 10 order staying execution of order granting probation, but adds: "This stay of execution will be effective for all purposes, and, specifically, it shall be effective relative to action by the Department of Motor Vehicles under Vehicle Code section 13352(b)."

Insofar as the supplemental stay order attempts to restrain the department from suspending Blaine's license, it is void.

As noted above, in the criminal proceeding in which the order was made only the People and Blaine are parties. The department did not participate in the trial, in fact, made no appearance at any time. The superior court had no basis on which to assert jurisdiction against the department (*Harrington* v. *Superior Court,* 194 Cal. 185, 188-189 [228 P. 15]; *Dresser* v. *Superior Court,* 231 Cal.App.2d 68, 76 [41 Cal.Rptr. 473]; *Abelleira* v. *District Court of Appeal,* 17 Cal.2d 280, 288 [109 P.2d 942, 132 A.L.R. 715]).

Having received an abstract of the court record showing Blaine's con-

---

[1]Vehicle Code section 13352 provides in part: "The department shall immediately suspend or revoke the privilege of any person to operate a motor vehicle upon receipt of a duly certified abstract of the record of any court showing that the person has been convicted of driving a motor vehicle while under the influence of intoxicating liquor . . . The suspension or revocation shall be as follows:

"..........................

"(b) Upon a first such conviction . . . under Section 23101 . . . such privilege shall be suspended for one year and shall not be reinstated until such person gives proof of ability to respond in damages as defined in Section 16430."

viction, the department suspended her license. This duty is mandatory under section 13352, subdivision (b). (*Thomas* v. *Dept. of Motor Vehicles,* 3 Cal.3d 335, 338 [90 Cal.Rptr. 586, 475 P.2d 858]; *Hough* v. *McCarthy,* 54 Cal.2d 273, 279-282 [5 Cal.Rptr. 668, 353 P.2d 276].) Unlike section 13352, subdivision (a), there is no provision for the superior court to recommend no suspension.

For purposes of section 13352, Blaine was convicted when the jury found her guilty. ██ Conviction "is the verdict itself. It is the ascertainment of guilt by the trial court" (*In re Morehead,* 107 Cal.App.2d 346, 350 [237 P.2d 335]; *People* v. *Clapp,* 67 Cal.App.2d 197, 200 [153 P.2d 758]; Veh. Code, § 13103). ██ The fact Blaine chose to appeal in no way alters her status as one convicted of felony drunk driving; the department is still required to suspend her license (*Parker* v. *State Highway Department,* 224 S.C. 263, 271-272 [78 S.E.2d 382, 385-386]).

The wording of section 13352 ("[t]he department shall immediately suspend . . . the [driving] privilege") shows the legislative intent to suspend a felony drunk driver's license immediately upon conviction. Section 13352 contains *no* language qualifying or conditioning immediate suspension. In contrast, Business and Professions Code section 7124 (which enables the Contractor's Board to take action against a contractor after a conviction in connection with his operations as a contractor) provides for sanctions only *after* "the time for appeal has elapsed, or the judgment of conviction has been affirmed on appeal or when an order granting probation is made suspending the imposition of sentence, . . ." (See also Bus. & Prof. Code, § 7709.)

The legislative intent in section 13352, subdivision (b), is to remove felony drunk drivers from the roads as soon after their conviction or guilty plea as possible, to prevent further carnage on the highways.

Let a peremptory writ of prohibition issue as prayed.

Ault, J., and Coughlin, J.,* concurred.

The petition of the real party in interest for a hearing by the Supreme Court was denied May 30, 1973.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.