[No. A027469. First Dist., Div. One. Sept. 6, 1985.]

RICHARD ROWE PATERSON, Plaintiff and Appellant, v.
DEPARTMENT OF MOTOR VEHICLES, Defendant and Respondent.

**Counsel**

Terence Hallinan, Michael Mendelson and Hallinan, Hallinan & Mendelson for Plaintiff and Appellant.

John K. Van de Kamp, Attorney General, N. Eugene Hill, Assistant Attorney General, Harold W. Teasdale and Victor D. Sonenberg, Deputy Attorneys General, for Defendant and Respondent.

**Opinion**

**ELKINGTON, Acting P. J.**—Vehicle Code section 13352, subdivision (5), provides that one who, within a period of five years, has suffered *three* convictions under Vehicle Code section 23152 (the so-called misdemeanor "drunk driving" statute), *shall* have his driver's license suspended for *three years.*

Plaintiff Paterson, a medical doctor, was such a person. He had suffered drunk driving convictions on December 2, 1980, June 28, 1982 and August 24, 1983. Following his last such conviction the Motor Vehicle Department (Department) suspended his driver's license, without previous notice or hearing, for three years. Following a futile demand for a formal Department hearing on such suspension plaintiff sought, by application in the superior court for a writ of mandate, to set aside the driver's license suspension.

Judgment was thereafter entered denying the writ application, from which judgment plaintiff has appealed.

The appellate contentions are that the revocation of plaintiff's license, without opportunity for a hearing, (1) violates "due process," (2) "consti-

tutes an [unlawful] irrebuttable presumption in light of significantly changed circumstances in appellant's mental and physical health" and (3) "violates equal protection because it treats similarly situated persons differently and does not bear a rational relationship to its avowed purpose."

### Due Process

■ It is first noted that unless the statute at hand be transcended by some constitutionally endowed right, its application is *mandatory*. "The effect of section 13352 is to provide for mandatory *minimum* suspension in the situations there specified." (*Hough* v. *McCarthy* (1960) 54 Cal.2d 273, 281 [5 Cal.Rptr. 668, 353 P.2d 276]; see also *Thomas* v. *Department of Motor Vehicles* (1970) 3 Cal.3d 335, 338 [90 Cal.Rptr. 586, 475 P.2d 858]; *Cozens* v. *Superior Court* (1973) 31 Cal.App.3d 441, 443-444 [107 Cal.Rptr. 408]; *Houlihan* v. *Department of Motor Vehicles* (1970) 3 Cal.App.3d 915, 918-919 [83 Cal.Rptr. 885]; *Cook* v. *Bright* (1962) 208 Cal.App.2d 98, 103 [25 Cal.Rptr. 116].)

The facts which gave rise to the application of Vehicle Code section 13352 in plaintiff's case had already been judicially established by the highest standard of proof known to our law, *proof beyond a reasonable doubt,* or by his admission. Another due process hearing as to the existence of such facts would be idle. " 'The only precedent event required as the basis for action by the department is the receipt by it of "*a record*" of conviction[s].' " (*Houlihan* v. *Department of Motor Vehicles, supra,* 3 Cal.App.3d at p. 919; *Cook* v. *Bright, supra,* 208 Cal.App.2d at p. 101.) " 'Revocations on such grounds constitute ministerial action . . . rather than quasi judicial action.' . . . ' "In such cases the facts have already been determined in the criminal proceeding." ' " (*Cook* v. *Bright, supra,* at pp. 102-103.)

■ And, in relation to a closely related statute, Vehicle Code section 13353, the state's high court has said: The " 'Legislature does not violate *due process* [our italics] so long as an enactment is . . . reasonably related to a proper legislative goal.' . . . ' "The use of the public highways by motor vehicles, with its constant dangers, renders the reasonableness and necessity of regulation apparent. . . . *Any appropriate means adopted by the states to insure competence and care on the part of its licensees and to protect others using the highway is consonant with due process.* " ' . . . ' "It is enough that there is an evil at hand for correction, and that it might be thought that the particular legislative measure was a rational way to correct it." ' " (*Hernandez* v. *Department of Motor Vehicles* (1981) 30 Cal.3d 70, 78-79 [177 Cal.Rptr. 566, 634 P.2d 917].)

Under the foregoing authority and rationale, we hold that Vehicle Code section 13352, subdivision (5), does *not* violate the constitutional precept of *due process.*

## Unlawful Irrebuttable Presumption

■ Plaintiff's contention here is intertwined with his "due process" argument which we have found invalid. Nowhere does the statute under consideration expressly create an "irrebuttable presumption."

The instant argument, as we understand it, is that for its validity such a presumption must be of a fact which is invariably, and "universally," true. He then asserts an ability to adduce evidence that his three drunk driving convictions were caused by some physical or mental disease compelling him to drink and drive, which disease is now in *remission.** And to cap his argument, he says that the statute, the Department, and the irrebuttable presumption, have denied him the opportunity to establish that, despite his prior convictions of drunk driving, he could now be safely entrusted with a driver's license.

It is of course true that irrebuttable presumptions have been condemned where found to have no reasonable relation to the presumed fact. But where they do have such a relation, they appear to have been consistently upheld. Illustrations: *Burg* v. *Municipal Court* (1983) 35 Cal.3d 257 [198 Cal.Rptr. 145, 673 P.2d 732] (presumption that one "having 0.10 percent or more, by weight, of alcohol in one's body" is driving under the influence of alcohol); *Estate of Cornelious* (1984) 35 Cal.3d 461 [198 Cal.Rptr. 543, 674 P.2d 245] (presumption that the child of a mother living with her husband is the issue of the marriage); *Weinberger* v. *Salfi* (1975) 422 U.S. 749 [45 L.Ed.2d 522, 95 S.Ct. 2457] (presumption, that a marriage of less than 9 months before the wage earner spouse's death was fraudulent under a social security statute).

And a statute creating such a conclusive presumption "may not be set aside on constitutional grounds . . . if any basis reasonably may be conceived to justify it." (*Rittenband* v. *Cory* (1984) 159 Cal.App.3d 410, 427 [205 Cal.Rptr. 576].)

We opine that the strong legislative policy to rid the state's highways of drunk drivers justifies an *irrebuttable presumption* such as is here argued against by plaintiff.

---

*Among other things, plaintiff adduced another medical doctor's letter stating that he had been affected with a mental illness, and that: "So far as I know, Dr. Paterson has enjoyed continued good health with his illness in complete remission, and without any difficulties attributed to his lithium maintenance treatment. Neither his illness nor his treatment are likely to be adversely affecting the ability to operate a motor vehicle safely."

*Equal Protection*

█ The state's high court has opined that, as a class, "drunken drivers are extremely dangerous people." (*Burg* v. *Municipal Court, supra,* 35 Cal.3d 257, 262.) Vehicle Code section 13352, subdivision (5), endeavors to minimize the highway carnage caused by that class. Equal protection requires no more than that " 'persons similarly situated with respect to the legitimate purpose of the law receive like treatment.' " (*Brown* v. *Merlo* (1973) 8 Cal.3d 855, 861 [106 Cal.Rptr. 388, 506 P.2d 212, 66 A.L.R.3d 505].)

And: "The Legislature is free to recognize degrees of harm and it may confine its restrictions to those classes of cases where the need is deemed to be the clearest." (*Purifoy* v. *State Board of Education* (1973) 30 Cal.App.3d 187, 197 [106 Cal.Rptr. 201].)

No *equal protection* violation is discerned in the enactment, or instant implementation, of Vehicle Code section 13352, subdivision (5).

The judgment is affirmed.

Holmdahl, J., concurred.

Newsom, J., concurred in the result only.