Opinion
CHAPMAN, P. J.

Statement of the Case

The plaintiff and appellant, the People of the State of California, hereinafter referred to as the People, appeal from the dismissals of the defendants in five separate misdemeanor prosecutions. The five actions are joined together for appeal. The respondents in each of these actions hereinafter will be referred to collectively as the defendants.
In each case the defendant was charged with a first offense driving-under-the-influence misdemeanor violation of either Vehicle Code section 23152, subdivision (a) or Vehicle Code section 23152, subdivision (b), or both. In each case while the prosecution of said misdemeanors was pending the defendant was committed to the Department of Corrections, or to the Department of the Youth Authority, as the result of felony convictions in the superior court. In each case, upon proof that the defendant had been committed to the Department of Corrections or to the Department of the Youth Authority (hereafter Youth Authority), the municipal court ordered the misdemeanor driving-under-the-influence charges to be dismissed. In each case the dismissal was pursuant to Vehicle Code section 41500, and in each case the dismissal was over the objection of the district attorney.

Discussion of Law

The case appears to be one of first impression. We are required to ascertain the intent of the Legislature in the enactment of Vehicle Code *Supp. 4 section 41500, and in so doing we balance several competing public interests. On the one hand there is a strong public policy that drinking drivers, particularly repeating drinking drivers, not drive a vehicle for specified periods of time, and not until they have complied with certain corrective conditions.[1]
 On the other hand there is an equally strong public policy that allows felons sentenced to state institutions to obtain relief from detainers that might render their release date uncertain and thus adversely affect their eventual rehabilitation.[2] This policy was expressly averted to by the Legislature in the enactment of section 41500. In amending the section in 1972, the Legislature noted that the purpose of section 41500 is to allow prisoners to leave prison with a clean record. (Sen. Amend, to Assem. Bill No. 749 (1972 Reg. Sess.) Apr. 25, 1972.) The Legislature further noted in 1975, when the section was amended to extend coverage to Youth Authority wards, that the rehabilitative process is aided by eliminating the interruptions due to arrest and prosecution for nonfelony traffic violations which occurred prior to commitment to the Youth Authority. (Sen. Amend, to Assem. Bill No. 1846 (1975-76 Reg. Sess.) May 14, 1975.)
Furthermore, it is in the public interest that courts not be burdened with the prosecution of minor cases where the defendant has already been sentenced to serve a long term in prison or in the Youth Authority, and the additional prosecution will not substantially increase that term.[3]
*Supp. 5 We resolve the conflict in favor of the defendant, and in so doing give the defendant the benefit of the doubt as to the legislative intent in enacting Vehicle Code section 41500.
Section 41500, subdivision (a), of the Vehicle Code provides: “No person shall be subject to prosecution for any nonfelony offense arising out of the operation of a motor vehicle or violation of this code as a pedestrian, which is pending against him at the time of his commitment to the custody of the Director of Corrections or the Department of the Youth Authority.”
So far the intent of the Legislature is clear. However subdivision (d) of the Vehicle Code section 41500 provides: “The provisions of this section shall not apply to any nonfelony offense wherein the department is required by this code to immediately revoke or suspend the privilege of any person to drive a motor vehicle upon receipt of a duly certified abstract of the record of any court showing that the person has been convicted of such nonfelony offense.”
Subdivision (d) creates an ambiguity. On the one hand Vehicle Code section 41500 can be read to mean that the proscription of subdivision (d) applies only in those cases where the Department of Motor Vehicles (hereinafter referred to as the department) must suspend or revoke in every case upon the receipt of a record of conviction. For example, when the department receives two or more abstracts of a defendant’s conviction for driving under the influence within a five-year period of time. (See Vehicle Code section 13352, and Cook v. Bright (1962) 208 Cal.App.2d 98 [25 Cal.Rptr. 116].) In such cases the court has no discretion. The suspension is automatic. It is executed by the department. It does not depend upon the court’s sentence, or upon a court order.
On the other hand Vehicle Code section 41500 can be given a broader construction to include cases where the court, exercising discretion, orders the defendant’s license to be suspended or revoked, or where the suspension or revocation flows from the type of judgment imposed.
The People urge that the latter construction is the correct one and, because that is so, that Vehicle Code section 23160 precludes defendants from having the charges dismissed. Vehicle Code section 23160 provides: “(a) If any person is convicted of a first violation of Section 23152, that person shall be punished by imprisonment in the county jail for not less than 96 hours nor more than six months and by a fine of not less than . . . *Supp. 6 ($390) nor more than . . . ($1,000). [¶] . . . [¶] (c) Except as provided in Section 23161, the court shall order the Department of Motor Vehicles to suspend the privilege to operate a motor vehicle of a person punished under this section for six months . . . .” Vehicle Code section 23161, in turn, provides: “. . . if the court grants probation to any person punished under Section 23160 . . . [¶]. . . [¶] (b) in any county where the board of supervisors has approved such a program or programs, the court shall also impose as a condition of probation that the driver shall participate in, and successfully complete, an alcohol or drug education program, or both . ... [¶] • • • [¶ (e) Any person required to successfully complete an alcohol or drug education program . . . shall enroll in the program . . . within 60 days . . . and shall furnish proof of successful program completion within 120 days of the court order . . . .” We assume for purposes of this decision that the Board of Supervisors of the County of Santa Clara has approved such programs. Under the statute, therefore, if the defendants herein were to be convicted, the court would have to order their license to be suspended unless they were placed on probation and ordered to complete a prescribed program.
The People contend that pursuant to Vehicle Code section 41500 the department must suspend the defendants’ licenses because having been sent to prison or the Youth Authority they cannot be placed on probation and therefore will not be available to complete the requisite program within the time prescribed by the statute.
Viewed in a certain light, the People’s reasoning would lead to mischief. If a defendant can be placed on probation and ordered to complete a program his license need not be suspended; therefore, he would have the right to have the case dismissed pursuant to Vehicle Code section 41500. Of course, if the case is dismissed there is no basis for probation, and no requirement to complete the program. On the other hand if he cannot be placed on probation and ordered to complete a program, his license would have to be suspended. Catch-22!!
It would seem to us that the better construction is the former, that is that the proscription against dismissals pursuant to Vehicle Code section 41500 arises only in those cases where a suspension or revocation will result from the mere fact of a conviction, without regard to any subsequent order to be made by the court, otherwise the duty of the department is made to be dependent upon an event which by contemplation of section 41500 is destined never to take place.
This construction is consistent with the language of Cook v. Bright, supra, 208 Cal.App.2d 98. In Cook the defendant was convicted of driving under *Supp. 7 the influence, a misdemeanor. The trial court placed defendant on probation and ordered that “defendant may retain license.”[4] Nevertheless, the department revoked defendant’s license because it had received abstracts of two previous convictions for the same offense. The Court of Appeal rejected defendant’s contention that the department could not revoke his license based on a prior conviction unless the prior was charged and litigated in the subsequent prosecution. The court held, 208 Cal.App.2d at pages 101-102: “The only precedent event required as a basis for action by the department is receipt by it of a ‘record’ of conviction. There is no requirement that the record of any conviction must indicate the number of convictions which preceded it.” (Italics in original.)
This language could be paraphrased to apply to the instant case as follows: The only precedent event required as a basis for action by the department is receipt by it of a “record” of conviction. There is no requirement that the record of conviction must indicate that the defendant was not placed on probation or ordered to complete an alcohol or drug education program.
The construction urged by the People could result in other mischief. The express language of Vehicle Code section 41500, subdivision (b) would seem to create two classes of state prisoners, one of which would be entitled to have the detainer dismissed because the board of supervisors in his county had not approved an alcohol or drug education program, and another class which would not be so entitled, because the board in his county had done so. Compare People v. Sage (1980) 26 Cal.3d 498 [165 Cal.Rptr. 280, 611 P.2d 874], where the issue was the proper construction of Penal Code section 2900.5, which then provided for full conduct credit for time spent in the county jail prior to sentence, if the sentence was to the county jail, but no such credit if the sentence was to state prison, because the statute provided that defendants sent to state prison were entitled to conduct credit only for the time actually spent in prison. The court noted that as to the latter, since the time in the county jail is a part of the prison sentence, the defendant would receive conduct credit toward only a part of his sentence, whereas a defendant who was on bail and not in custody prior to being sentenced to prison would receive conduct credit toward his entire term. The court held that equal protection required the statute be construed to allow conduct credit for all presentence custody in jail. Also, the statute *Supp. 8 provided for such credit only to those prisoners who were in custody after the effective date of the act, and denied such credit for custody time prior to that date. Here, too, the court held that equal protection required a construction giving the statute retroactive effect so that it would apply equally to all presentence time for all prisoners.
The fundamental rule of statutory construction is that the court should ascertain the intent of the Legislature so as to effectuate the purpose of the law. (People v. Superior Court (Smith ) (1969) 70 Cal.2d 123, 132 [74 Cal.Rptr. 294, 449 P.2d 230]; People v. Cheatham (1975) 50 Cal.App.3d 592 [123 Cal.Rptr. 361].) Given the primacy of legislative intent, the court must give statutes a reasonable construction and in so doing construe the statute with reference to the entire scheme of law of which it is a part so that the whole may be harmonized and retain effectiveness. (Clean Air Constituency v. California State Air Resources Board (1974) 11 Cal.3d 801, 813 [114 Cal.Rptr. 577, 523 P.2d 617].) And, where a statute is susceptible of two constructions, one leading to mischief or absurdity, and the other consistent with justice and common sense, the latter must be adopted. (Lampley v. Alvarez (1975) 50 Cal.App.3d 124, 128 [123 Cal.Rptr. 181].)
Furthermore, a defendant is entitled to the benefit of every reasonable doubt, whether it arises out of a question of fact, or as to the true interpretation of language used in a penal statute. (People v. Ralph (1944) 24 Cal.2d 575, 581 [150 P.2d 401]; Carlos v. Superior Court (1983) 35 Cal.3d 131 [197 Cal.Rptr. 79, 672 P.2d 862]; In re Jeanice D. (1980) 28 Cal.3d 210, 217 [168 Cal.Rptr. 455, 617 P.2d 1087].)
The interpretation most favorable to the defendants in the present case is not only reasonable, it is consistent with the precise language of the statute. The department is not required to immediately revoke or suspend upon receipt of a duly certified abstract of a record showing that the defendant has been convicted. The suspension would result only if the court does not grant probation with an order that the defendant complete a prescribed program.
People v. Ralph, supra, 24 Cal.2d 575, is analogous to our own case. In Ralph a statute provided that persons convicted of a felony who were under 21 years of age could be committed to the Youth Authority if they would materially benefit from the commitment, and if they were not sentenced to imprisonment for life. The trial court had refused to commit the defendants to the Youth Authority because the crimes of which they were convicted were punishable by five years to life, and Penal Code sections 3000 and 3020 then provided that such a sentence was to be considered to be a life term until such time as a lesser term was fixed by a parole board.
*Supp. 9 The Ralph court held, 24 Cal.2d at page 581: “When language which is reasonably susceptible of two constructions is used in a penal law ordinarily that construction which is more favorable to the offender will be adopted.” The court went on to note that “the motion of each defendant to be committed to the Youth Authority was made prior to the actual imposition of any sentence upon him, and that therefore, strictly speaking, none of the defendants had been sentenced to imprisonment for life.” (Ibid.)
This language also could be paraphrased to apply to the instant case as follows: The motion of each defendant to dismiss the nonfelony charge of driving under the influence was made prior to any conviction, and therefore, strictly speaking, none of the defendants were subject to a sentence that would mandate the suspension of his license.
Finally, it would appear that a major premise of the People is unfounded. The mainstay of the People’s argument is that defendants sent to prison cannot be placed on probation, and therefore cannot be ordered to complete an alcoholic program. To the contrary, it is entirely possible for a prisoner to be on concurrent probation in a misdemeanor case while he is serving a term in prison. Furthermore we have no reason to believe appropriate programs are not available in the state prison system.
It is also possible that a misdemeanor probationary sentence can be made consecutive to a prison term. In re Eric J. (1979) 25 Cal.3d 522 [159 Cal.Rptr. 317, 601 P.2d 549].[5] Under such a circumstance, the requirement of Vehicle Code section 23160, that the alcoholic program be completed within 120 days, would not attach until the earlier sentence had been completed. Again, however, a Catch-22. If probation with an alcoholic program is available to a state prisoner, or could be ordered consecutive to the prison sentence, there would be no need for it because the defendant would have a right to have the case dismissed, even under the People’s construction of the statute.

Conclusion

It is clear to us from the briefs filed herein that the People are not concerned to have the defendants’ driving privileges suspended or to obtain a jail sentence in the present cases. Their real concern is to obtain a conviction so that in the event of some future violation the prosecutor will be able *Supp. 10 to charge a prior conviction. If that were the objective of the Legislature it would be a simple matter. All that need be done would be to add seven words to Vehicle Code section 41500, subdivision (d) so as to read: The provisions of this section shall not apply to any nonfelony offense wherein the department is required by this code to immediately revoke or suspend the privilege of any person to drive a motor vehicle, or to any violation of Vehicle Code section 23152.
Until such time as the Legislature takes some such action, we conclude that the true construction of Vehicle Code section 41500 is that the proscription against dismissal is limited to those cases wherein the department must in every case suspend or revoke defendant’s right to drive upon notice of a conviction, and does not apply to those cases where the department is required to revoke or suspend as the result of some court action.
The decision of the trial court is affirmed.
Komar, L, and Brown, J., concurred.

The policy against drinking drivers is reflected in the extensive enactment and modification of the drinking driver laws in recent years. See Vehicle Code sections 23151 through 23229 (offenses involving alcohol and drugs); Vehicle Code sections 23230 through 23238 (alcohol rehabilitation facilities); Vehicle Code sections 23240 through 23249.4 (ignition interlocking device); and Vehicle Code sections 13350 through 13368 (suspension and revocation by the department). See also the historical notes pertaining to the foregoing sections in West’s Annotated Codes, and Pollack v. Department of Motor Vehicles (1985) 38 Cal.3d 367 [211 Cal.Rptr. 748, 696 P.2d 141].

 A prisoner serving time often faces other charges or proceedings when his term of imprisonment is completed. These are sometimes referred to as “detainers” or “holds.” They render the prisoner’s final date of release into the community uncertain, and often adversely affect his security classification thereby preventing his participation in various programs otherwise available to prisoners. The policy of providing relief from such detainers is reflected not only in Vehicle Code section 41500, which is the subject of this decision, but also in Penal Code section 858.5 (misdemeanors serving sentence—pending misdemeanor Vehicle Code violation in another county); Penal Code section 1203.2a (revocation of probation on second conviction time limit); Penal Code section 1381 (time for trial after conviction for another offense); Penal Code section 1381.5 (asking for release of federal prisoner to stand trial on pending state charge); and Penal Code sections 1389 through 1389.8 (interstate agreement on detainers).

In People v. Superior Court (Mowry) (1971) 20 Cal.App.3d 684, 687 [97 Cal.Rptr. 886], the Court of Appeal upheld an order of the Superior Court of Santa Barbara County pursuant to Penal Code section 1385 dismissing a felony charge of forgery, wherein the trial court noted that the defendant had already been sentenced to prison on other charges, and taking judicial notice of its own sentencing policies stated that any additional sentence would be *Supp. 5 concurrent, and therefore would result in only minimal additional time should the defendant actually be convicted of the charge being dismissed by the court.

Vehicle Code section 13352 then provided: “The department shall immediately suspend or revoke the privilege of any person to operate a motor vehicle upon receipt of a duly certified abstract of the record of any court showing that the person has been convicted of driving a motor vehicle while under the influence of intoxicating liquor. The suspension or revocation shall be as follows: a) Upon a first conviction . . . for a period of six months unless the court. . . recommends no suspension. ” (Italics added.)

In Eric J. the Supreme Court said on pages 537-538: “The judge who orders that a misdemeanor term be served consecutively to a previously imposed felony term thus retains discretion as to the length of the misdemeanor term and the power to maintain supervision over the defendant through probation by suspension of execution of the term for an appropriate period.”